## No. 2387.

### JAMES DAVIS ET AL. *v.* T. F. HARWOOD, ADMINISTRATOR.

1. ADMINISTRATION—JURISDICTION.—After an administrator has filed his final exhibit and report of his administration, which is approved, and the estate is partitioned among those entitled, after being withdrawn from administration, no power exists in the probate court to require the administrator to file an additional inventory, and an order requiring this is void. If the administrator is indebted to the heirs after such final report and close of the administration, and for assets not formerly reported or not accounted for by him, their remedy is by direct proceeding against him.

APPEAL from Gonzales. Tried below before the Hon. George McCormick.

*L. H. Planck,* for appellants: The order and decree of the DeWitt county court requiring McCullough, administrator, to inventory his note as part of the assets of the Davis estate, was binding upon him, and was assets in his hands for the payment of debts and for partition. (Rev. Stats., arts. 1921, 1922 and 1958; Nichols v. Dibrell, 61 Texas, 539, McGowen v. Zimpelman, 53 Texas, 479; Williams & Guyon v. Davis, 56 Texas, 250; Rogers v. Kennard, 54 Texas, 30; Murchison v. White, 54 Texas, 78; Bayne v. Garrett, 17 Texas, 335; Thurmond v. Taylor, 16 Texas, 417; Rose v. Newman, 26 Texas, 134; White v. Shepard, 16 Texas, 167; Bradshaw v. Mayfield, 18 Texas, 28; Williams v. Close, 12 La. Ann., 878; Schaeffer v. Scuddy, 14 Id., 576.)

*Harwood & Harwood,* for appellee.

ACKER, JUDGE. Appellants, heirs of G. W. Davis, deceased, brought this suit against appellee, administrator of the estate of William McCullough, to establish a note for one thousand four hundred dollars as a claim against said estate. McCullough had been administrator of the estate of G. W. Davis, in DeWitt county. On application of the heirs of G. W. Davis to withdraw his estate from administration, McCullough filed his final exhibit and report of said administration, which was ap-

proved by the probate court of DeWitt county, at the November term, 1881, and the estate, then in hands of the administrator, was partitioned among the heirs, except a small sum retained to pay costs. In July, 1883, appellant, James Davis, filed a petition in the probate court of DeWitt county to compel McCullough to file an additional inventory of the estate of G. W. Davis, to include a note for one thousand four hundred dollars, which, it was alleged, was due by McCullough to G. W. Davis at the time of his death. At the November term, 1883, the court entered an order requiring McCullough to file the inventory of the note. This order was never complied with. McCullough died in May, 1884, and appellee qualified as administrator of his estate. It is alleged in the petition in this case that the one thousand four hundred dollar note was executed and delivered by McCullough to G. W. Davis on the thirty-first of December, 1879, and was due one day of date; that McCullough became possessed of the note by virtue of his office as administrator of the estate of G. W. Davis, and mutilated it by tearing his signature therefrom; that the money due on the note had never been paid to Davis, or his estate, or to appellants. There was attached to the petition, as an exhibit, a certified copy of the order of the probate court of DeWitt county requiring McCullough to inventory as assets of the Davis estate a note of the description given in the petition, to which certified copy there was attached a note of that description, from which the signature had been torn. The rejection of the claim by appellee as administrator of McCullough's estate was endorsed upon the exhibit. The only evidence offered to prove the execution and non-payment of the note by McCullough was the exhibit attached to the petition, and the transcript from the probate court of DeWitt county of all proceedings had in the administration of the estate of G. W. Davis. The court filed the following conclusion: "The only conclusion arrived at by the court from hearing the foregoing evidence was, that the fact of indebtedness was not proved." The three assignments of error insisted upon by appellants present the only question in the case, viz: Did the court below err in the conclusion filed?

It is contended that the order of the probate court of DeWitt county requiring McCullough to inventory the note as assets of the estate of G. W. Davis, conclusively established his indebtedness to the estate for the amount of the note. Two years

before this order was made, McCullough had been required, on application of the Davis heirs, to file his final exhibit and report of the administration of the Davis estate, and the estate was then withdrawn from administration and the assets partitioned among the heirs. After the estate was withdrawn from administration, the probate court had no authority to require the administrator to file an additional inventory, and its order to that effect was void. If the administrator was indebted to the estate in any way for assets nor reported or accounted for by him in his administration, he was liable to the heirs for such indebtedness, and they might have recovered the same in a direct suit for that purpose. It is not alleged in the petition that appellant did not know of the alleged indebtedness of McCullough to their ancestor's estate prior to the withdrawal of the estate from administration, nor is any reason given why they did not bring their suit against him to recover the alleged indebtedness, instead of making their application to the probate court to require him to inventory the note and reopen the administration, two years after the estate had been withdrawn from administration.

That such order, when made under circumstances authorizing it, is not conclusive, seems to be well settled: "It appears by our statute that the inventory is not intended to be conclusive, and no distinction is made between an inventory voluntarily made, and one returned under the judgment of the court, as to its effect in evidence. Neither the one nor the other is conclusive." (White v. Shepperd, 16 Texas, 168.)

We are of opinion that there is no error in the judgment of the court below, and that it should be affirmed.

*Affirmed.*

Opinion adopted February 21, 1888.