CORA E. CARPENTER ET AL. v. T. D. SOLOMAN ET AL.

(No. 3085.)

APPEAL from Navarro County. Opinion by WILLSON, J.

F. N. READ, counsel for appellants.

No counsel appeared for appellees.

§ 34. *Guardianship; marriage of ward terminates; suit on guardian's bond may be prosecuted in county of his residence, although he was appointed in another county.* Cora E. and Clarence were minor children of appellee T. D. Soloman, and entitled, as heirs of their deceased mother, to $400 held for them in Missouri. In August, 1866, appellee T. D. Soloman, in order to obtain said money, obtained letters of guardianship upon the estate of said minors in Williamson county, Texas. He

executed a guardian's bond, in accordance with law, in the sum of $1,000, with J. W. and D. H. Snyder as sureties, which bond was approved and filed in the county court of said Williamson county. In the years 1867 and 1868 said guardian collected said money. After collecting said money said guardian did not expend any of it for the use or benefit of said minors, but converted the same to his own use. He never made any report or exhibit of the guardianship to the county court of Williamson county, and never accounted to said court or to said minors for said money, and was never discharged from said guardianship by said county court. In March, 1879, appellant Cora was married. In June, 1879, the other ward, Clarence, died, unmarried and intestate. In September, 1888, appellant Cora, joined by her husband, brought this suit in the county court of Navarro county, upon said guardian's bond, to recover her share of said money, and interest thereon, alleging the facts above recited, and further alleging that said T. D. Soloman resided in said Navarro county and was insolvent. Appellees excepted to appellants' petition because it showed that said guardian never received his final discharge from the county court of Williamson county from said trust, and that therefore said court alone had jurisdiction of the subject-matter of the suit while said guardianship was pending therein. Said exception was sustained and appellants' suit was dismissed, and this action of the court presents the only question in the case.

We are of the opinion that the court erred in said ruling. Upon the marriage of appellant Cora the guardianship as to her terminated. Upon the death of Clarence the guardianship as to him terminated. When this suit was instituted the relationship of guardian and wards had ceased to exist. Appellant Cora, upon her marriage, was no longer a ward of appellee Soloman, and could sue him in any court having jurisdiction of the amount for the recovery of money belonging to her, which he had

obtained by virtue of said guardianship, without regard to whether or not he had been formally discharged by the court having jurisdiction of said guardianship. In this case the amount sued for was within the jurisdiction of the county court, and Soloman, the principal in the bond, was a resident of Navarro county, in which the suit was instituted. We are clearly of the opinion that the suit was properly brought in the county court of Navarro county. [Timmins v. Bonner, 58 Tex. 554; Fort v. Fitts, 66 Tex. 593; Marlow v. Lacy, 68 Tex. 154.]

December 7, 1889.          Reversed and remanded.