AUGUST HORNUNG ET AL. v. AUGUST SCHRAMM.

Decided December 13, 1899.

**1. Assignment of Error—Practice on Appeal.**

Assignments of error to the action of the trial court in failing to sustain exceptions to plaintiff's petition will not be considered where it does not appear from the record that the exceptions were ever presented to and acted upon by the court.

**2. Guardian's Bond—Condition Sufficient.**

Under the statutes as to bonds of guardians, including the provision that "where the same person is appointed the guardian of both the person and estate of a ward, only one bond shall be given by such guardian, varying the form thereof to suit the case," the bond of such a guardian, conditioned that he "will faithfully discharge the duties of guardian to the persons and estates of said minors," is sufficient. Rev. Stats., arts. 2599, 2600, 2602.

**3. Same—Liability of Sureties.**

Where the probate court in passing upon the final account of a guardian, found that he was due the estate a certain sum and ordered him to pay it over to his successor guardian, such finding was conclusive against his sureties, though they were not parties to the proceedings in which such order was made.

**4. Same—Liability as Between Two Distinct Bonds.**

In an action on a guardian's bonds, two in number, where the sureties on the later bond were not asking any relief against those on the prior one, and the evidence showed that the defalcation of the guardian occurred after the first bond had been discharged and the later one given, it was not error to allow a dismissal as to the sureties on the first bond.

**5. Same—Proof Requisite in Such Case.**

In order to hold the sureties on the last bond liable, it was only necessary to prove that upon the guardian's removal he was indebted to the estate in a sum certain; that he was ordered to pay the same to his successor; that demand was made therefor by his successor, and that the guardian failed to pay such sum,—it conclusively appearing that the liability was incurred by an infraction of the conditions of the second bond.

APPEAL from Medina. Tried below before Hon. J. L. MARTIN.

*Geo. Powell,* for appellants.

*Otto Staffel* and *J. W. Baker,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by August Schramm, as guardian of the estate and persons of the Hornung minors, against August Hornung, the prior guardian of the estate and persons of the said minors, J. Bilhartz, and M. A. Kempf, the surviving wife of Joseph Kempf, as sureties on August Hornung's bond executed on the 24th day of September, 1886, as guardian of the estate and persons of said minors, and against Ed De Montel and John Ihnken as sureties on August Hornung's bond of the estates and persons of said minors, executed on the 21st day of November, 1888, in response to an order of the probate court in which said guardianship was pending, requiring said guardian to give a new bond and to recover $770.39 alleged to be due the estate of the minors from Hornung as their guardian, which he

failed and refused to pay over to the appellee as guardian of said estate after the former's removal and the latter's appointment. ·

Hornung and his sureties, after filing general and special exceptions to the petition, interposed a general denial, and a special plea that, if the sum sued for was ever received by Hornung as guardian of said estate, he paid it out as such for the benefit of said minors in their maintenance, support, and education.

Upon the trial the appellee dismissed his suit as to J. Bilhartz and Kempf, the sureties on Hornung's first bond, and the court peremptorily instructed the jury to find a verdict in favor of appellee against August Hornung, John Ihnken, and De Montel, for the sum of $770.39. A verdict was returned in response to this instruction, upon which the judgment appealed from was entered.

1. As it does not appear from the record that any of the exceptions to plaintiff's petition, the ruling upon which by the trial court is assigned as error, were ever presented and acted upon, such assignment will not be considered.

2. The bond of August Hornung, as principal, and Ed De Montel and John Ihnken as sureties, for $3000, was conditioned as follows: "That the above bound August Hornung, who has been appointed by the County Court of Bexar County guardian of the persons and estates of Bertha, August, and Herman Hornung, minors, will faithfully discharge the duties of guardian to the persons and estates of said minors." The introduction of this bond in evidence was objected to by appellants upon the ground that it was not in compliance with the statute, and its admission over such objection is assigned as error.

"Where the same person is appointed guardian of both the person and estate of a ward, only one bond shall be given by such guardian, varying the form thereof to suit the case." Rev. Stats., art. 2602. In view of this article the condition of the bond is a substantial, if not a literal compliance with articles 2599 and 2600, which prescribe the conditions of the bonds of guardians of the estates and persons of minors, and no error was committed in admitting the bond in evidence.

3. The probate court of Bexar County, after removing August Hornung as guardian, on the 24th day of July, 1897, in stating his account of the estate of the minors, found that he, as said guardian, was due the estate at that time the sum of $770.39, and ordered and adjudged that said guardian, August Hornung, should pay and deliver unto his successor guardian, as soon as he was duly qualified, said sum of money in cash. This statement of the account and judgment was admitted in evidence over the objections of appellants, De Montel and Ihnken, that neither was a party to the proceedings in which such statement and judgment was made. The probate court where the guardianship was pending had jurisdiction to determine, after the guardian's removal, what effects he had in his possession, or the amount of money he should have on hand, and having so determined, its judgment is conclusive

against both guardian and sureties. Bopp v. Hansford, 18 Texas Civ. App., 340; Stewart v. Morrison, 81 Texas, 396; Gray v. McFarland, 29 Texas, 163; Stovall v. Banks, 10 Wall., 583, 588 (a case on an executor's bond); Badger v. Daniel, 79 N. C., 372, 379; Knepper v. Glenn, 73 Iowa, 730; State v. Slauter, 80 Ind., 597; Brodrib v. Brodrib, 56 Cal., 563, 564; Commonwealth v. Julius, 173 Pa. St., 322.

4. The order of the probate court made on March 26, 1896, being prior to the one made on the 23d of March, 1897, was not admissible in evidence to impeach the validity or correctness of such subsequent order, and the court did not err in excluding it.

5. The appellants De Montel and Ihnken not having asked any relief against the sureties upon the prior bond, against whom no liability is shown by the evidence, and it affirmatively appearing from the evidence that the defalcation of the guardian occurred after they were discharged and the new bond given upon which said appellants were sureties, the court did not err in allowing the plaintiff to dismiss his action against the sureties on the first bond.

6. In order to hold the sureties on the last bond liable, it was only necessary to prove that upon the guardian's removal he was indebted to the estate in a sum certain; that he was ordered to pay the same to his successor; that demand was made by appellee, and that the guardian failed and refused to pay the sum fixed by the judgment of the probate court against him. And as there is no evidence showing that any part of the sum recovered accrued by a breach of the first bond, and it conclusively appearing that the liability was incurred by an infraction of the conditions of the second, the court did not err in refusing to give appellants' special charges instructing the jury to the effect that before plaintiff could recover against De Montel and Ihnken, he must show the defalcation of the guardian occurred after they became sureties on his bond.

Nor did the court under the evidence err in its peremptory instruction to the jury to find for the appellee.

There is no error in the judgment appealed from, and it is affirmed.

*Affirmed.*