### HASSELL et al. v. STEINMANN.
(Court of Civil Appeals of Texas. Dec. 3, 1910.)

1. GUARDIAN AND WARD (§ 163*)—SETTLEMENT OF ESTATE—COLLATERAL ATTACK.

While funds in the hands of a guardian to his ward's credit is a trust fund, and may be pursued and claimed by the ward, she cannot do so by collateral attack of the judgments and orders of the county court settling the matter of the guardianship, and settling his estate after his death; the county court in matters of probate being a court of general jurisdiction.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 544; Dec. Dig. § 163.*]

2. BILLS AND NOTES (§ 534*)—ACTION—ATTORNEY'S FEES—EVIDENCE.

The provision in a note for payment of 10 per cent. attorney's fees if the note is placed in the hands of an attorney for collection is one of indemnity, and not for liquidated damages, and therefore the maker is liable only for the fees agreed to be paid by the holder of the note to his attorney, or, in the absence of such agreement, for reasonable fees; so that, in the absence of any proof on the matter, it is error to include any amount for fees in the judgment in an action on the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

3. BILLS AND NOTES (§ 534*)—ACTION—ATTORNEY'S FEES—EVIDENCE.

In an action on a note for the balance thereof, after deducting the net amount realized by sale under a trust deed given to secure it, that from the proceeds of the sale the trustees named in the deed of trust paid the attorney as a fee a certain sum, less than 10 per cent. of the sum so collected, was in effect payment

by the holder of the note, so as to make its deduction from the amount arising from the sale proper under the provision of the note for payment of 10 per cent. attorney's fee in case of the note being placed in the hands of an attorney for collection.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

Error from Dallas County Court; W. M. Holland, Judge.

Action by Lizzie Steinmann, executrix, against Irma Hassell and another. Judgment for plaintiff. Defendants bring error. Reformed, and affirmed on condition.

Short & Field, for plaintiffs in error. K. R. Craig, for defendant in error.

TALBOT, J. This suit was brought by the defendant in error, Lizzie Steinmann, against the plaintiffs in error upon a promissory note for the sum of $850. The petition alleges that Irma Von Haxthausen executed her note to the plaintiff on the 14th day of January, 1907, due on the 5th day of January, 1908, with interest from date at the rate of 8 per cent. per annum, and providing for the payment of 10 per cent. attorney's fees if not paid at maturity, and placed in the hands of an attorney for collection; that the same was due and had been placed in the hands of her attorney, who brought the action for the purpose of collecting the same, and that plaintiff had contracted to pay her attorney the 10 per cent. specified in the note for his services; that the defendant since the execution of said note intermarried with Jess Hassell, her codefendant, and that she is possessed of a separate estate out of which plaintiff's debt can be made. The petition was filed on the 20th day of February, 1908.

The defendants pleaded a general denial and specially, among other things, that the note sued on was executed for borrowed money, and secured by a deed of trust on three lots in Stemmons' addition to the city of Oak Cliff, which she at the time believed to be the funds of the plaintiff; that she had learned since said transaction that the funds lent her and for which said note was executed really belonged to defendant. The alleged facts upon which defendant bases her claim of ownership of the money are, in substance, that she is the daughter of Meicel and Isabelle Haxthausen; that her father died in 1885, leaving a widow, defendant's mother, and four minor children, of which defendant was the youngest; that her mother caused a policy of insurance for $2,000 to be issued upon her life payable in case of her death to the defendant; that her mother died in 1896, when defendant was 12 years of age, and Charles Steinmann, learning that a policy of insurance for $2,000 had been provided to defray her living expenses during her young life, and being tempted by the opportunity to obtain custody of said fund, took

defendant to his home to be reared and cared for; that Charles Steinmann was appointed guardian of the person and estate of defendant by the county court of Dallas county, and as such guardian collected the policy of insurance of $2,000; that he made settlements from time to time of the estate of his ward until the 16th day of May, 1903, when he made the sixth annual settlement showing funds in his possession belonging to his ward, amounting to $1,405; that defendant was entitled under the terms of her grandfather's will to the interest in his estate of $8,000; that her guardian, by representations made to the executor of said will, received in July and August, 1903, during the existence of his guardianship, sums of money which are itemized in said answer, aggregating $5,193.70, all of which he concealed from the court which had appointed him guardian, and withheld from his account of said estate; that in the month of September, 1903, her guardian caused an application to be made to the district court of Dallas county for the removal of her disabilities as a minor in order to terminate his liability as her guardian, and to assist him in appropriating her estate to his own use without incurring liability for the sums received from the estate of her grandfather; that a decree was obtained in the district court removing her disabilities, and thereupon her guardian undertook to make his final settlement in the county court and to obtain a discharge; that a final settlement was prepared in which there was a balance of the funds derived from the policy of insurance issued upon the life of her mother shown to be due amounting to $1,246.80; that there was due, in addition to said sum of the funds which had been received from the estate of her grandfather, at that time $5,192.52½, which was withheld from said account and concealed from the court; that her guardian caused a receipt to be prepared, which at his request she signed and acknowledged before a notary public, showing she had received from her guardian the balance of $1,246.80 shown upon said settlement, and her guardian was discharged; that afterwards, on the 1st day of May, 1904, at which time said defendant had attained her majority, her guardian received the further sum from the estate of her grandfather of $2,040, making the entire sum due from said Steinmann to her of $8,479.12; that her guardian, who was the husband of the plaintiff in this action, died in the month of June, 1906; that he had no property or effects at the time of his death except the said fund which belonged to defendant, and which he had taken and appropriated to his own use with the intent to deprive defendant of it; that administration was taken out on the estate of Charles Steinmann in the county court of Dallas county, Tex., and that the plaintiff had no property or effects save and except that which had been set apart to her out of the estate of her husband by the orders of said court, all of which said estate, of whatever it consisted, was acquired with the trust funds in the hands of said deceased, which was really the property of defendant; that at the time she applied to the plaintiff for the loan which is represented by the note sued on she had no knowledge of the facts related in said answer, and did not know that the sum which she was borrowing was really her property which had been taken by her guardian and invested in his own name, and had been inventoried and administered as a part of his estate by the plaintiff; that plaintiff knew said fund was the property of defendant when she lent it; that the deed of trust given to secure the note was in fact void, because it secured no real indebtedness; that defendant was not liable on said note, and prayed that the same and the deed of trust executed by her to secure its payment be canceled. On February 8, 1909, plaintiff filed an additional petition, in which she alleged she has caused the deed of trust executed to secure the payment of defendant's note to be foreclosed and the property described therein to be sold, from which she realized the sum of $546.60, which she allowed as a credit on said note of March 3, 1908, leaving a balance due of $382.36. A statement of the sums bid at the sale of the mortgaged property accompanies the answer, and shows the gross amount bid to be $625, and the costs of the sale to amount to $23.75 and attorney's fee for collecting $601.-25 to be $54.65, leaving a balance to be credited on the note of $546.60, and praying for judgment for the balance due on said note of $382.36, with interest thereon from March 3, 1908, at 8 per cent., and 10 per cent. attorney's fees.

To the answer of the defendant, the plaintiff filed a supplemental petition containing a general demurrer, special demurrers, and a general denial. The special demurrers are to the effect (1) that it is not shown by the allegations of the answer that plaintiff is in any wise liable for the alleged wrongs and frauds of plaintiff's deceased husband, Charles Steinmann; (2) that the allegations of said answer are too indefinite to identify the money borrowed by defendant as the money charged to have been collected for her by Charles Steinmann and appropriated to his own use; (3) that said answer shows no defense to the note sued on, because it appears from the allegations thereof that the money borrowed by defendant had been adjudicated and set apart to plaintiff as an allowance by the probate court having jurisdiction and control over the administration of the estate of Charles Steinmann, and that plaintiff's title to said fund so derived cannot be impeached in a collateral proceeding. The plaintiff's special exceptions to defendant's answer were sustained, and a trial upon the merits of the case resulted in a judgment in favor of the plaintiff for $382.36, with interest thereon from March 3, 1908, at the

rate of 8 per cent. per annum and for $41.03 attorney's fees, amounting in all to the sum of $451.42. Defendants excepted to the action and judgment of the court, gave notice of appeal, and now have the case before this court on writ of error.

Appellants' first, second, third, and fourth assignments of error complain of the court's action in sustaining the plaintiff's special exceptions to their special answer, the substance of which is set out in the former part of this opinion. We think there was no reversible error in the action of the court. The proposition contended for by appellant, that the funds in the hands of a guardian to the credit of his ward is trust fund and may (in a proper proceeding) be pursued and claimed by the ward so long as it can be identified either in the hands of the guardian or of any other person who takes it with knowledge of the trust, is doubtless correct, but we do not think appellant is in a position to interpose in this suit and insist upon the facts set forth in her answer as a defense to the cause of action pleaded by the appellee. The allegations of the answer show that Charles Steinmann, as the guardian of appellant, executed a bond in the sum of $4,-000, and as such guardian regularly administered the estate of his ward in the county or probate court of Dallas county. It further appears from the allegations of said answer that, after the death of Steinmann, there was an administration upon his estate, and that the money or property from which it was derived loaned to Mrs. Hassell was received by the appellee by way of allowances made to her by orders or judgments of the probate court during said administration out of her husband's estate. If, therefore, appellant Mrs. Hassell was the owner of the property which appeared to belong to the estate of Charles Steinmann at the date of his death, we think her proper remedy was to go into the court in which Steinmann's estate was being administered, and there apply to have her right to such of the property inventoried as the property of Steinmann established, and such property stricken from the inventory; or, if her right to the property was not known to her until after Steinmann's guardianship of her estate and the administration of his estate had been closed, she should have made application to have said guardianship and the administration of said estate reopened, to the end that her right to the property charged to have been embezzled or appropriated by her said guardian might be adjudicated and such orders made setting aside former judgments, by which she was deprived of said property, as the law and facts justified. We do not think the appellant Mrs. Hassell could ignore the county court in the matter of accounts and settlements with her guardian and the sureties upon his bond, and the authority and jurisdiction of said court to set aside and annul its former judgments affecting appellant's rights in the matters alleged in this suit, and collaterally attack and impeach said judgments as is sought to be done in this case. That the county court in matters of probate is a court of general jurisdiction and its orders and judgments cannot be collaterally attacked will hardly be questioned.

The fifth assignment of error is that "a provision in a note for the payment of attorney's fees if the note is placed in the hands of an attorney for collection is a contract of indemnity, and not for liquidated damages. To entitle the holder of such note to recover such fees, he must allege a contract to pay the stipulated price for services, and prove it as alleged." We think this assignment should be sustained. It seems to be well settled by the more recent decisions of the appellate courts of this state that a stipulation in a note for the payment of attorney's fees, if the note is not paid at maturity, and is placed in the hands of an attorney for collection, is a mere contract of indemnity and not for liquidated damages, and that, to authorize a recovery for such fees, it devolves upon the plaintiff to allege and prove either that she had paid or contracted to pay the amount expressed in the note. This is but a well-settled rule that in enforcing contracts of indemnity the plaintiff must allege and prove the extent to which he has been damnified. The contract being one of indemnity against actual damages which the holder of the note may sustain by way of expense incurred in the collection of the note, the maker is liable only for the fees actually agreed to be paid the attorney, or, in the absence of special contract, such as are reasonable. If the holder of the note has agreed with the attorney to pay the entire amount stipulated in the note, then, in the absence of fraud or collusion, the debtor could not defeat the collection of such amount on the ground that it was unreasonable. Texas Land & Loan Co. v. Robertson, 38 Tex. Civ. App. 521, 85 S. W. 1020; Hammond v. Atlee, 15 Tex. Civ. App. 267, 39 S. W. 600; Robertson v. Holman, 36 Tex. Civ. App. 31, 81 S. W. 326; Bolton v. Gifford & Co., 45 Tex. Civ. App. 140, 100 S. W. 210; O'Connell v. Rugely, 48 Tex. Civ. App. 456, 107 S. W. 151; Reed v. Taylor, 129 S. W. 864; Dunovant's Estate v. Stafford & Co., 36 Tex. Civ. App. 33, 81 S. W. 101; First Nat. Bank v. J. I. Campbell Co., 114 S. W. 887; Mosteller v. Asten, 129 S. W. 1136. In the case at bar it is alleged, in substance, that plaintiff contracted with her attorney to pay him 10 per cent. of the balance alleged to be due on the note sued on as a fee in this case, but there is no proof whatever of such contract. Without such proof the court was not authorized to render judgment in favor of plaintiff for the $41.03 allowed as attorney's fees, and to that extent the judgment is erroneous. With respect to the sum of $54.65 charged to have been paid

plaintiff's attorney for services rendered in the collection of the amount realized on the sale under the deed of trust given to secure the payment of the note, it is, in effect, alleged and shown by the evidence that said sum was actually paid by the trustee named in said deed under the terms of the contract, and presumably at the instance of plaintiff. This was equivalent to the payment of said sum by the plaintiff, and was a proper charge to be deducted from the amount arising from the sale of the property covered by the deed of trust.

It is therefore ordered that if the appellee shall, within 10 days after the rendition herein, file in this court a remittitur of the sum of $41.03, being the amount of attorney's fees recovered in the county court, the judgment of that court will be reformed and affirmed for the remainder of said judgment; otherwise said judgment will be reversed, and the cause remanded.