EMPLOYERS' CASUALTY CO. v. SMITH
et al. (No. 9621.)

(Court of Civil Appeals of Texas. Dallas.
May 22, 1926.)

1. **Appeal and error** ⟨⟩911(2)—**Contrary not appearing, Court of Civil Appeals will presume that commissioners' court duly adopted order providing for term of county court at which judgment under review was rendered (Const. art. 5, § 29; Rev. St. 1925, art. 1962).**

Nothing to the contrary appearing, Court of Civil Appeals will presume that commissioners' court under authority of Const. art. 5, § 29, and Rev. St. 1925, art. 1962, duly adopted order providing for term of county court at which judgment under review was rendered.

2. **Appeal and error** ⟨⟩516—**Validity of purported order of commissioners' court, providing for terms of county court, held not before Circuit Court of Appeals, where purported order was not properly contained in statement of facts though printed in transcript (Const. art. 5, § 29; Rev. St. 1925, art. 1962).**

Validity, under Const. art. 5, § 29, and Rev. St. 1925, art. 1962, of purported order of commissioners' court fixing terms of county court, held not before Court of Civil Appeals, where such purported order was not properly contained in statement of facts, though printed in transcript.

3. **Courts** ⟨⟩63—**Order of commissioners' court, providing for four terms of county court each year for civil business and one continuous term for criminal business, held not void for failure to provide four terms for both civil and criminal business (Const. art. 5, § 29; Rev. St. 1925, art. 1962).**

Under Const. art. 5, § 29, and Rev. St. 1925, art.· 1962, order of commissioners' court providing for four terms of county court for civil business to convene on fixed dates each year and for one term for criminal business to convene on January 1 and remain in session continuously until 11:55 o'clock December 31, held not void for failure to provide for at least four terms of court for both civil and criminal business.

4. **Evidence** ⟨⟩46.

Court of Civil Appeals cannot judicially know orders adopted by commissioners' courts.

5. **Sales** ⟨⟩355(4)—**In action on account for goods sold partnership and casualty company, evidence showing only that goods were sold on contract between plaintiff and one member of partnership held insufficient to sustain judgment against casualty company.**

In action on open account for goods sold a partnership and a casualty company at the special instance and request of both defendants, evidence showing only ·that goods and merchandise were sold on a contract between plaintiff and one member of the partnership held insufficient to sustain judgment against casualty company.

Error from Rockwall County Court; J. W. Reese, Judge.

Action by J. H. Smith against the Employers' Casualty Company and others. Judgment for plaintiff, and named defendant brings error. Reversed and remanded.

Lawther, Pope, Leachman & Lawther, of Dallas, for plaintiff in error.

Wade & Wade, of Rockwall, for defendants in error.

LOONEY, J. J. H. Smith brought this suit in the county court of Rockwall county against Kirk & Patterson, a partnership composed of D. S. Kirk and J. H. Patterson, and the Employers' Casualty Company, a corporation, on an open account for the value of goods, wares, and merchandise alleged to have

---

been sold by the plaintiff to the defendants at their special instance and request. The case was tried without the intervention of a jury, and resulted in a judgment against both defendants for the sum of $381. The Employers' Casualty Company has appealed by writ of error.

As the case will be reversed and remanded for reasons hereinafter stated, we will not discuss questions that are not likely to arise on another trial.

[1] 1. The validity of the judgment is attacked on the ground that the term of the county court at which it was rendered (a term that began the first Monday in April, 1925) was unauthorized by law, that the court was without jurisdiction, and the judgment for that reason is void.

The Constitution of this state (article 5, § 29) provides that:

"The county court shall hold at least four terms for both civil and criminal business annually, as may be provided by the Legislature, or by the commissioners' court of the county under authority of law, and such other terms each year as may be fixed by the commissioners' court. * * * Until otherwise provided, the terms of the county court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks."

The Legislature provided for terms other than those mentioned in the Constitution (article 1962 [1176, 1177] Rev. St. 1925) as follows:

"The commissioners' court may, at a regular term thereof, by an order entered upon its records, provide for more terms of the county court for the transaction of civil, criminal and probate business, and fix the times at which each of the four terms required by the Constitution, and the terms exceeding four, if any, shall be held, not to exceed six annually, and may fix the length of each term. When the number of the terms of the county court has been fixed, the court shall not change the order before one year from the date of entry of the original order fixing such terms."

The commissioners' court was by these provisions of the Constitution and statute authorized to provide for terms of the county court other than those mentioned in the Constitution. This being true, the presumption will be indulged, nothing appearing to the contrary, that the commissioners' court, by an order duly adopted, made provision for the term beginning the first Monday in April, that said term was authorized by law, and that the judgment is not void for that reason.

[2, 3] It is insisted, however, that the commissioners' court made a futile attempt to adopt an order providing for four terms of the county court for civil business to convene on the first Monday in January, April, July and October of each year, and, in the same order, provided for one term for criminal business, to convene on January 1st and to remain in session continuously until 11:55 o'clock December 31st. The contention is made that the order is void for the reason that no provision was made for at least four terms of court for both civil and criminal business, and that the only authorized terms of the county court for Rockwall county, at the time this suit was filed, were the terms prescribed in the Constitution.

[4] We cannot consider this proposition, for the reason that it is not supported by the record; that is to say, it is not supported by anything in the record that can be considered by us. We find in the transcript what purports to be an order adopted by the commissioners' court of Rockwall county on August 11, 1913, having the meaning attributed to it in the assignment of error, but it is not a part of the statement of facts, nor is it shown why the order was copied into the record, rather it seems to have just strayed in. We cannot judicially know the orders adopted by commissioners' courts. Such matters should be brought to our attention as other facts; that is, in a statement of facts.

If the question, however, were properly presented, we would feel constrained to overrule the same on authority of Wells-Fargo, etc., v. Mitchell (Tex. Civ. App.) 165 S. W. 139.

[5] 2. Appellant makes the further contention that the judgment is unsupported by the evidence, in that the case as pleaded against plaintiff in error was not proven. This assignment is well taken. Defendant in error's testimony shows that the goods and merchandise were sold on a contract between him and D. S. Kirk of the firm of Kirk & Patterson. His allegations were that the goods and merchandise were sold at the special instance and requested of both the defendants; that is, Kirk & Patterson, the partnership, and the Employers' Casualty Company, a corporation. There was no evidence showing that any goods were sold to or at the instance or request of plaintiff in error. The judgment being unsupported by evidence, the cause will be reversed and remanded for further proceedings.

Reversed and remanded.