### HOLMAN et al. v. WARD et al.
(No. 843–4558.)

(Commission of Appeals of Texas, Section A. Nov. 17, 1926.)

**1. Courts ⬦121(5)—District court has jurisdiction over suit against guardian, where principal sum claimed, plus interest, exceeded jurisdictional amount (Rev. St. 1925, art. 4189).**

Claim against guardian for funds belonging to estate of minors is within jurisdiction of district court, where principal sum, plus interest allowed under Rev. St. 1925, art. 4189, exceeded jurisdictional sum.

**2. Courts ⬦121(5)—Interest allowed by statute against guardian failing to invest funds is in nature of damages, to be considered as part of amount in controversy in fixing jurisdiction of suit against guardian (Rev. St. 1925, art. 4189).**

Interest allowed by Rev. St. 1925, art. 4189, against guardian failing to invest funds in his hands, is not compensation for use of money by guardian, but damages for loss conclusively presumed from guardian's breach of duty, to be considered as part of amount in controversy in fixing jurisdiction over suit against guardian.

**3. Guardian and ward ⬦163—Adjudication by probate court of guardian's account, not appealed from, is conclusive, and damages cannot be added thereto in suit against guardian to recover sum found due (Rev. St. 1925, art. 4189).**

Adjudication by probate court of guardian's account, not appealed from or vacated, is conclusive against parties to proceedings, and hence interest as damages for failure to invest funds allowed by Rev. St. 1925, art. 4189, cannot be recovered in suit against guardian for sum found due by probate court.

**4. Courts ⬦121(5)—Denial of interest as damages against guardian reducing recovery below jurisdictional amount, does not affect jurisdiction acquired under petition not claimed to contain fraudulent demand for interest.**

Denial of interest as damages against guardian failing to invest funds of estate, reducing amount of recovery below jurisdictional sum,

did not affect jurisdiction of trial court acquired under petition, where there was no plea that claim for interest was fraudulent and no exception was made to claim.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by E. H. Ward and others against G. P. Holman and others. Judgment for plaintiffs was reformed and affirmed by the Court of Civil Appeals (279 S. W. 310), and defendants bring error. Affirmed.

Allen & Baughn, of Paris, for plaintiffs in error.

Tom L. Beauchamp and W. Dewey Lawrence, both of Paris, for defendants in error.

HARVEY, P. J. On August 2, 1909, G. P. Holman was duly appointed guardian of the estate of the Ward minors, and duly qualified as such by taking the prescribed oath and giving bond with Humphries and Conway as sureties. Soon after he was appointed guardian, Holman received the sum of $817.-25 in money belonging to the estate of said minors. On January 24, 1919, the probate court entered an order removing Holman from his office as guardian and directing him to file a report showing the condition of said estate, and at the same time E. H. Ward, one of said minors, who had become of age, was appointed guardian of said estate to succeed Holman. On January 17, 1920, said E. H. Ward, as guardian of said estate and in his own behalf, being joined by two other of the Ward children that had become of age, filed the present suit in the district court against Holman and the sureties on his guardian bond. In the original petition in this suit, it was alleged that Holman, as guardian, received said sum of $817.25 belonging to said estate; that he had neglected to invest same as required by statute; that he had failed and refused to make report of the condition of the estate as he had been ordered to do by the probate court in January, 1919; that he and his bondsmen were liable for the sum of $1,654.93, being the said sum of $817.25 with the statutory penalty of 10 per cent. per annum because of Holman's failure to invest said sum as prescribed by statute, and judgment was prayed for said sum of $1,654.93. Thereafter Holman filed in the probate court his report of the condition of the estate, together with his account as guardian. The correctness of this account was contested by the defendants in error, with the result that the probate court, on April 2, 1924, entered an order restating said account, charging Holman with said sum of $817.25 as of date August, 1909, and allowing him credit for certain expenditures in behalf of the minors, and adjudging the balance due by Holman to the estate to be the

---

sum of $384.75, which balance Holman was ordered to pay over to the parties entitled thereto. From this order, restating and establishing Holman's account and fixing the amount for which he is liable to the estate, no appeal was prosecuted by any party to such proceeding. On February 7, 1925, the defendants in error filed their amended petition in the present suit, upon which the trial was had in the court below. By appropriate allegations and prayer in such amended petition a recovery was sought against Holman and the sureties on his guardian bond for the said sum which Holman had been directed to pay over by the last-mentioned order of the probate court, together with the statutory "interest" of 10 per cent. per annum thereon from August, 1909, resulting from his negligent failure to invest same as provided by statute.

[1, 2] Plaintiffs in error, Holman and the sureties on his guardian bond, contend that because the probate court, at the time the original petition was filed in the present suit, had not established the amount for which Holman was liable to the estate, a suit upon his bond as guardian was premature, and consequently the allegations of such original petition do not afford a legal basis for jurisdiction in this suit. We do not find it necessary to express an opinion as to the correctness of this contention, for the reason that the claim asserted in the amended petition is for an amount within the jurisdiction of the district court. In addition to said sum of $384.75, claim is asserted in the amended petition for 10 per cent. per annum thereon under the provisions of article 4189 of the Revised Civil Statutes of 1925, which reads as follows:

"Article 4189. If the guardian neglects to invest or loan surplus money on hand at interest when he can do so by the use of reasonable diligence, he shall be liable for the principal and also for the highest legal rate of interest upon such principal for the time he so neglects to invest or loan the same."

The standard by which the above statute measures the damage resulting to the ward from the guardian's neglect to invest moneys of the estate is the highest legal rate of interest on such moneys. The amount thus allowed under the provisions of this statute is not by way of compensation for the use of the money by the guardian, and therefore to be excluded from consideration in determining the amount in controversy, but is of the nature of damages fixed by law to compensate for the loss conclusively presumed to ensue from the guardian's breach of duty in the respect indicated by the statute. Such damages thus measured are to be considered as part of the amount "in controversy" in fixing jurisdiction over the suit in which claim therefor is made. Waller v. Gray, 43 Tex. Civ. App. 405, 94 S. W. 1099; Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W, 666; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163.

[3] The trial court allowed recovery by the defendants in error of said sum of $384.75, together with 10 per cent. per annum thereon from August, 1909. In allowing recovery for the 10 per cent. per annum the trial court committed error, as held by the Court of Civil Appeals. The probate court, by an adjudication made in a proper proceeding for that purpose, had determined the sum chargeable against Holman as guardian. This action of the probate court, not being appealed from or vacated, is conclusive against the parties to such proceeding. Gray v. McFarland, 29 Tex. 163; Bopp v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 747. Therefore the action of the Court of Civil Appeals in reforming the judgment of the trial court so as to eliminate recovery of said 10 per cent. damages and to allow recovery only of said sum of $384.75 with 6 per cent. interest thereon from the date of said order of the probate court, is correct. See opinion of Court of Civil Appeals, 279 S. W. 310.

[4] There was no plea made by the plaintiffs in error that the claim for said 10 per cent. per annum damages as asserted in the amended petition of the defendants in error was fraudulently made for the purpose of giving the trial court jurisdiction of this suit, nor was there any exception made to said claim as alleged. Therefore the fact that the defendants in error are found not to be entitled to such damages, thereby reducing the amount of recovery below the sum of $500, does not affect the jurisdiction which the trial court had acquired of the suit under the allegations of the amended petition. Ablowich v. Bank, 95 Tex. 433, 67 S. W. 79, 881.

We recommend that the judgment of the Court of Civil Appeals reforming and affirming as reformed the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.