**TANNERY et al. v. PIRTLE et al.**
(No. 3718.)

Court of Civil Appeals of Texas. Texarkana.
June 27, 1929.

Rehearing Denied July 4, 1929.

R. T. Jones, of Henderson, for appellants. C. L. Brachfield, of Henderson, for appellees.

WILLSON, C. J. (after stating the case as above). The contention presented by the assignments in appellants' brief is that the trial court erred when he concluded the order of the county court of Nacogdoches county approving the guardian's final account and discharging him and his sureties was a valid one and conclusively established that appellants were not entitled to recover anything in their suit on the guardian's bond.

In support of the contention it is insisted that, when the ward died in 1922, said county court "lost jurisdiction (quoting from said brief) to even cast up the account between such guardian and his ward," and that the order in question therefore was void. It may be, after the ward died, the county court had power only to settle and close the guard-

ianship; but, clearly, power to do that continued in said county court, and it was only exercising that power when it made the order in question. Section 16 of article 5 of the Constitution; articles 4102 and 4296, Rev. St. 1925; Timmins v. Bonner, 58 Tex. 554; Young v. Gray, 60 Tex. 541; Whitfield v. Burrell, 54 Tex. Civ. App. 567, 118 S. W. 153; Alford v. Halbert, 74 Tex. 346, 12 S. W. 75; Easterline v. Bean (Tex. Civ. App.) 15 S.W.(2d) 734. The language of article 4296, cited above, is: "When the ward dies, * * * the guardianship shall be immediately settled and closed and the guardian discharged." In the Young-Gray Case, where it was held that, after the death of the ward, a county court was without power to partition and distribute his estate among those who claimed to be entitled to it, the Supreme Court said: "When the ward dies, the duties of the guardian are at an end, except, alone, for the purposes of paying claims theretofore approved, or making his final account, and obtaining as soon as he can, for his protection in the future, an order of final settlement and discharge."

In further support of their contention appellants insist that on the filing of their suit the district court of Rusk county acquired jurisdiction of the matter of the account between the ward and the guardian; and that, having acquired such jurisdiction, said court retained it to the exclusion of any right in said county court of Nacogdoches county to in any way interfere with the exercise thereof. We agree with appellants so far as their insistence is that the district court of Rusk county had a right to hear and determine their suit on the guardian's bond. That a district court has power to hear such a suit where the amount exceeds $500 is settled by decisions of the courts of this state. Carpenter v. Soloman (Tex.) 14 S. W. 1074; Kretzschmar v. Peschel (Tex. Civ. App.) 144 S. W. 1021; Timmins v. Bonner, 58 Tex. 554; Fort v. Fitts, 66 Tex. 593, 1 S. W. 563. We agree further that an accounting by the guardian in a county court is not an indispensable prerequisite to the exercise of such power by a district court. Fort v. Fitts, 66 Tex. 593, 1 S. W. 563; Eckford v. Knox, 67 Tex. 200, 2 S. W. 372; Surety Co. v. Hardwick (Tex. Civ. App.) 186 S. W. 804. But we do not agree that the pendency of appellants' suit deprived the county court of Nacogdoches county of the right and power it unquestionably had before the suit was commenced, as stated above, to pass on the guardian's account and to discharge the guardian. The pendency of appellants' suit in the district court on the guardian's bond could no more deprive the county court of jurisdiction it had to settle and close the guardianship than the pendency of the guardianship in the county court unclosed could deprive the district court of jurisdiction it had to hear

and determine the suit on the guardian's bond.

■ As we see it, the question presented by the record is not one of jurisdiction, as appellants see it, but is one as to the effect of the judgment of the county court of Nacogdoches county when offered by all the parties and admitted as evidence at the trial of this cause in the district court of Rusk county. The rule is that a judgment of a probate court within its jurisdiction is presumed to have been regularly made and entered, and, until set aside in a proceeding commenced for the purpose in the court which rendered it, is conclusive of the matter it determines. Hornung v. Schramm, 22 Tex. Civ. App. 327, 54 S. W. 615, where the Court of Civil Appeals held, in a suit on a guardian's bond in a district court, that an order of a probate court determining the state of the account between the guardian and his ward was conclusive as to both the guardian and his sureties. Schaeffer v. Williams (Tex. Civ. App.) 208 S. W. 220, where the Court of Civil Appeals held that an order of a probate court, valid on its face, directing a guardian to sell his ward's land, was not subject to collateral attack; and see Nash v. Milburn, 25 Tex. 783, a case much like this one on its facts. Bradley v. Love, 60 Tex. 472; Murphy v. Sisters 43 Tex. Civ. App. 638, 97 S. W. 135; Paschal v. Hobby (Tex. Civ. App.) 296 S. W. 336; Stone v. Ellis (Tex. Civ. App.) 40 S. W. 1077; Moore v. Wooten (Tex. Com. App.) 280 S. W. 742; Farmer v. Saunders, 60 Tex. Civ. App. 197, 128 S. W. 941; Supply Co. v. Robbins (Tex. Com. App.) 206 S. W. 825; Hannon v. Henson (Tex. Com. App.) 15 S.W.(2d) 579; Whitfield v. Burrell, 54 Tex. Civ. App. 567, 118 S. W. 153.

■ The county court of Nacogdoches county having had power to make an order like the one in question here, as we have determined, there being nothing in the record sent to this court showing that the power said county court had was not effectually invoked, and nothing showing that the order made was ever set aside, we feel bound to hold, contrary to appellants' contention, that the trial court did not err when he held that the order in question established, conclusively, that appellants did not have a right to recover as they sought to on the guardian's bond, and when he rendered judgment in appellees' favor.

The judgment is affirmed.