### BOHLSSEN v. BOHLSSEN et al.
### No. 9754.

Court of Civil Appeals of Texas. Galveston.
Nov. 1, 1932.

Rehearing Denied Jan. 19, 1933.

Campbell, Myer & Foster, of Houston, for appellant.

A. D. Dyess, of Houston (Paul Strong, of Houston, of counsel), for appellees Mary C. Bohlssen and American Surety Co. of New York.

Tom F. Coleman, of Lufkin, for appellees Tom F. Coleman and R. C. Jordan's Estate.

PLEASANTS, Chief Justice.

This is a suit by appellant against appellee, his mother, and the sureties upon her bond as guardian of the estate of appellant and his three minor sisters, to recover the sum of $17,641.66, with interest at 10 per cent., alleged to have been fraudulently misappropriated and converted by appellee in the administration of appellant's estate. Appellant also sued to recover title and possession of lands claimed by him as belonging to his estate, and to cancel deeds to his mother conveying his interests in the lands, upon the ground that such conveyances were obtained from him by the fraud and misrepresentation of the appellee, Mrs. Bohlssen; and also to recover a tract of 130½ acres in Harris county alleged to have been purchased by the guardian for him, with his money, and the title to which the guardian had fraudulently obtained in her own name. Plaintiff's petition is redundant in charges of fraud, deceit, and misappropriation made by appellee. It alleges:

"Plaintiff alleges that said defendant has wholly disregarded her duty to plaintiff in the premises, and she has handled his property selfishly and most recklessly and in utter disregard of her duty as his guardian, and in total disregard of plaintiff's rights in the premises. Ever since the said defendant's appointment as guardian of his estate she has not missed a single opportunity to swindle, defraud and cheat him wherever she could. He alleges that she has managed his property, since her appointment as guardian, in such manner as legally to deprive her of the right to receive and collect the usual five per cent allowed guardians by law for receiving, and five per cent for disbursing, funds belonging to plaintiff that came into her hands. Some of the many illegal, fraudulent, and wrongful things done, and omitted that should have been done, by said defendant while acting as his guardian are as follows:

"From the inception of said guardianship she has sought to swindle, defraud and overreach her wards, and especially this plaintiff. In the original inventory filed by her of the property belonging to her said four wards she knowingly made the following false and fraudulent statements and representations concerning the wards' said property and their interest therein."

These allegations are followed by statements of a number of instances in which plaintiff's interest in different items of property belonging to the estate of plaintiff and the other minor wards of the guardian are alleged to have been fraudulently understated in the inventory filed by the guardian, and in some instances received and appropriated by the guardian and not shown on any inventory or report made to the court in which the guardianship was being administered. Other direct charges of misappropriation by the guardian of specific funds belonging to her wards are made in the petition.

The defendants presented in due order pleas of privilege, pleas to the jurisdiction of the court, and pleas of res adjudicata, and further answered by general demurrer, a number of special exceptions, the nature of which need not be here shown, and by general and special denial of the allegations of the petition, and specially pleaded a settlement in full by the guardian of all moneys due plaintiff by her as guardian of his estate, and the release by plaintiff, after he became of age, of all claims against her as guardian of his estate.

Upon a hearing of the pleas above mentioned, the trial court overruled the pleas of

privilege, and sustained the pleas to the jurisdiction of the court and the pleas of res adjudicata, and dismissed plaintiff's suit, but expressly adjudged and decreed: "That this order shall not prejudice the plaintiff's right, nor shall it deprive him of the privilege, if he so desires, to hereafter file and prosecute such suit or suits as he may see proper against the defendant, Mary O. Bohlssen, sometimes called Mrs. H. G. Bohlssen, in her individual capacity to recover from her the title and possession of the 130½ acres of land described in paragraph 12 of plaintiff's first amended original petition heretofore filed in this case; nor shall this order in any manner deprive or interfere with the plaintiff's right to file and prosecute such suit or suits as he may see proper against the defendant, Mary C. Bohlssen, sometimes called Mrs. H. G. Bohlssen, in her individual capacity to have set aside and cancelled the deed or deeds to the two tracts of land in Jasper County, Texas, and to the tract of land in Oshkosh, Wisconsin, fully described and set forth in paragraphs 7, 8, and 9 of plaintiff's said first amended original petition heretofore filed in this case on April 28, 1931."

No complaint is made by appellees of the ruling of the trial court on the pleas of privilege, nor does appellant contend that the dismissal of his suit against his mother as guardian of his estate affects his right to prosecute a suit against her in her individual capacity for the recovery of title and possession of the lands claimed by him in this suit.

This relieves us of the necessity of further mention of these matters.

Under appropriate assignments and propositions, appellant vigorously assails the rulings of the court sustaining appellees' pleas to the jurisdiction and pleas of res adjudicata.

The undisputed record presented on the hearing of the pleas to the jurisdiction and pleas of res adjudicata shows that appellee Mrs. Bohlssen was appointed, on September 12, 1923, by the probate court of Angelina county, temporary guardian of the persons and estates of her minor children, appellant Henry Edward Bohlssen, 17 years of age, Helen Elsie Bohlssen, 14 years old, Dorothy Ann Bohlssen, 11 years old, and Margaret Bohlssen, 9 years old. On the 14th day of September, 1923, Mrs. Bohlssen executed a bond as such guardian in the sum of $20,000, conditioned and payable as required by the statute. This bond, which was approved by the probate court, was signed by two of the defendant appellees. On the 12th day of December, 1923, Mrs. Bohlssen was duly appointed by the Angelina county probate court permanent guardian of the persons and estates of these minors, and was required by the court to make a bond as such guardian in the sum of $120,000.

Thereafter, on September 19, 1924, Mrs. Bohlssen, as principal, and American Surety Company, as surety, executed a bond in the sum of $120,000, conditioned as required by the statute for the faithful discharge of duties as such guardian. This bond was approved by the probate court and filed in the guardianship estate.

Appellant became of age in July, 1927, and his sister Helen married about the same time. Thereafter Mrs. Bohlssen filed in the probate court in which this guardianship was pending her final account as guardian of her children, Henry Edward and Helen. The following orders were thereafter made by the probate court in the settlement of the estates of these two children:

"No. ——

"Guardianship of Henry Bohlssen, Helen Bohlssen, Dorothy Bohlssen, and Margaret Bohlssen.

"In County Court of Angelina County, Texas, March Term, A. D. 1928.

"This day came on to be heard the application of Mrs. H. G. Bohlssen, guardian of the estate of Henry Bohlssen and Helen Bohlssen, accompanied by an account showing the condition of said estate and guardianship duly verified as required by law; and it appearing to the court that due notice thereof has been given as the law requires, and the court having examined said accounts and heard all proof that was offered in support of the same, and all objections, exceptions and proof offered against the same, it appears to the court that she, the said Mrs. H. G. Bohlssen, guardian of the estate of said wards, has accounted for all of said estate according to law. It is, therefore, ordered that said account be and it is hereby in all respects approved, and she, the said Mrs. H. G. Bohlssen, is hereby directed to deliver the estate of the said Henry Bohlssen and Helen Bohlssen remaining in her possession to each respectively, who is qualified by law to receive it."

"Guardianship of Bohlssen Minors.

"In the County Court of Angelina County, Texas, May Term, A. D. 1928.

"20th day of April, 1928.

"On this day came on to be considered in the guardianship of Henry Bohlssen, Helen Bohlssen, Dorothy Bohlssen and Margaret Bohlssen, the reports of Mrs. H. G. Bohlssen, guardian of said minors, and it appearing to the court that the said Mrs. H. G. Bohlssen, guardian of said minors, has in all things fully complied with the order of this court made on the —— day of ——, 1928, approving her final accounts as guardian of said estate of said Helen Bohlssen and Henry Bohlssen and entered on the minutes of the court, it is, therefore, ordered by the court that she, the said Mrs. H. G. Bohlssen, be and she is hereby fully discharged as guard-

ian of the estate of the said Helen Bohlssen and Henry Bohlssen, and it is also ordered that the guardianship of the estate of each, the said Helen and Henry Bohlssen, be, and the same is, hereby fully closed."

"In Re: Guardianship of Dorothy Bohlssen and Margaret Bohlssen.

"In County Court, Angelina County, Tex.

"In the above entitled and numbered cause, this day came on to be considered the application of Mrs. H. G. Bohlssen, Guardian, for permission to make a personal bond in lieu of and to take the place of the Surety Bond she has heretofore executed with the American Surety Company as surety, and it appearing to the court that all monies and other things of value coming into the possession of Mrs. H. G. Bohlssen, Guardian, have been accounted for, and paid over to her wards in accordance with the orders of this court, it is considered, ordered, adjudged and decreed by the court, that the said Mrs. H. G. Bohlssen, Guardian, do be given, and she is hereby given, permission to make a personal bond in lieu of and to take the place of the surety bond she has heretofore executed, it is therefore ordered, that the American Surety Company be, and it is hereby, in all things released and fully discharged as surety for said Mrs. H. G. Bohlssen, Guardian."

Plaintiff's pleadings admit that he had notice of the filing of the final account of the guardian and her application for closing the administration of his estate, and discharge of her sureties, appellees herein.

On April 17, 1928, three days before the entry of the order of court closing the administration of the estate and discharging the guardian, plaintiff and his married sister executed the release of the guardian and her sureties, as follows:

"No. ———

"In Re: Guardianship of Helen Elsie Bohlssen, Henry Edward Bohlssen, Dorothy Bohlssen and Margaret Bohlssen, Minors.

"In County Court, Angelina County, Texas.

"Received of Mrs. H. G. Bohlssen, Guardian, the sum of 'Ten' Dollars, which is in full and final payment of all money, or monies, due us from the estate of our deceased Father, H. G. Bohlssen, and we acknowledge the receipt of said sum of money in full and final satisfaction of all sums of money coming to us direct, or indirectly, from the estate of our deceased father, through our mother, Mrs. H. G. Bohlssen, Guardian, and we hereby release our said Guardian and her bondsmen from any further liability to us in any manner, or for any further sums of money, and acknowledge same to be a full and final satisfaction of our part of said estate, and we do not now, nor will we hereafter, have claim

against our said Guardian or her bondsmen for any other sums of money whatever.

"Witness our hands this the 17th day of April, A. D. 1928."

■ These orders of the probate court of Angelina county are orders which that court had power or jurisdiction to make and enter, and are not void on their face, and therefore not subject to collateral attack. They can only be set aside in a direct proceeding brought for that purpose in the court in which the judgment was rendered.

The original jurisdiction of the probate court in passing upon the final account of a guardian appointed by it to hear and determine all questions as to the amount of the wards' property and money which had come into the possession of the guardian, and the disposition made by the guardian of the estate so received by him, is exclusive. When, as in this case, the ward, with due notice of the filing of the final account, and the application for the discharge of the guardian, not only makes no objection to the account filed, but before the final order of discharge is made executes a receipt to the guardian "in full and final satisfaction of all sums of money coming to him directly or indirectly" from the estate administered by the guardian, and expressly releases his guardian from any further liability to him "for any further sums of money," and acknowledges the amount theretofore received by him from the guardian "to be a full and final satisfaction" of his part of the estate, and declares that he will not hereafter "have claim against his guardian or her bondsmen for any other sums of money whatever," the judgment approving the final account and discharging the guardian and her sureties, being upon its face a valid judgment of a court of competent jurisdiction, cannot be collaterally attacked in any other court. Such judgment is only subject to a direct attack by motion for new trial, appeal therefrom, or bill of review brought in the court in which the judgment was rendered, under the equitable rules regulating such proceedings. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Foster v. Christensen (Tex. Civ. App.) 42 S.W.(2d) 460; Robins v. Sandford (Tex. Com. App.) 29 S.W.(2d) 969.

■ Since the question of the invalidity of the judgment of the probate court in discharging the guardian and her sureties, on the ground that such judgment was obtained by the fraud and misrepresentation of the guardian, cannot be inquired into in this suit, it follows that such judgment, having been rendered by a court of competent jurisdiction, and being in full force and effect, is res adjudicata of all the matters involved therein and determined thereby. We cite the following, among many, of the authorities cited in appellees' brief which fully sustain this

conclusion: Tannery v. Pirtle (Tex. Civ. App.) 19 S.W.(2d) 862; Hassell v. Steinmann (Tex. Civ. App.) 132 S. W. 948; De Berry v. Wootters (Tex. Civ. App.) 57 S. W. 885; Whitfield v. Burrell, 54 Tex. Civ. App. 567, 118 S. W. 153; Holman v. Ward (Tex. Com. App.) 288 S. W. 148; Hornung v. Schramm, 22 Tex. Civ. App. 327, 54 S. W. 615.

We know of no case in which a contrary doctrine has been announced or upheld by our Supreme Court. The rule is so reasonable and so necessary to preserve the sanctity of judgments of courts of competent jurisdiction to finally determine all questions involved in the suit in which the judgment was rendered that its continued enforcement by our appellate courts is, in our opinion, imperative.

In this view of the settled law upon the controlling questions presented by this appeal, it would serve no useful purpose to set out or discuss in detail the various propositions presented in appellant's brief. All of these propositions have been duly considered, and none of them, in our opinion, presents any sufficient ground for a reversal of the judgment appealed from.

It follows that the judgment must be affirmed, and it has been so ordered.

Affirmed.

On Motion for Rehearing.

After full consideration of appellant's forceful motion for rehearing, we adhere to the conclusions expressed in our original opinion in this case.

It seems clear to us that that portion of appellant's suit to which the pleas of jurisdiction and res adjudicata were sustained is a collateral attack upon the judgment of another court of competent jurisdiction which could only be made in the court in which the judgment was rendered. The strict enforcement of this rule is necessary to preserve the sanctity of judgments, and the evil which would result from its nonenforcement should, as always heretofore, receive higher consideration from our appellate courts than any injury that a party to such judgment, who failed to follow the legal method provided for the correction of any error in the rendition of the judgment, might suffer.

As shown in our original opinion, the county court of Angelina county, at its March term, 1928, by an order duly entered in the minutes of the court, approved the final account of the appellee as guardian of appellant and his married sister, Helen. This order approving the final account of appellee guardian directs her "to deliver the estate of the said Henry Bohlssen, and Helen Bohlssen, remaining in her possession to each respectively, who is qualified by law to receive it."

Thereafter, on April 17, 1928, appellant and his sister, Helen, executed a full receipt for all sums of money due them by appellee as guardian of their estate, and an express release of appellee and her sureties from all further liability "for any further sums of money." This receipt and release was filed in the county court of Angelina county on the day of its execution.

On April 20, 1928, the county court rendered a judgment which, after reciting that the guardian had fully complied with the former order of the court approving her final account as guardian of appellant Henry Bohlssen and his sister, Helen, adjudged and ordered that "she, the said Mrs. H. G. Bohlssen, be and she is hereby fully discharged as guardian of the estate of the said Helen Bohlssen and Henry Bohlssen, and it is also ordered that the guardianship of the estate of each, the said Helen and Henry Bohlssen, be, and the same is, hereby fully closed."

There is nothing upon the face of this record which casts any doubt upon the power or jurisdiction of the court by which it was made to so dispose of the matter therein adjudicated, and the well-settled rule which requires that a suit to set aside a judgment of a court of competent jurisdiction must be brought in the court in which the judgment was rendered is clearly applicable. We think the cases cited in our original opinion sustain this conclusion.

The receipt and the release executed by the appellant and the order of discharge entered thereon by the county court discharges and releases appellee from all liability as guardian for all money received by her as such guardian from the estate of her said wards. Of course, if the receipt and release upon which the order of discharge was based was obtained by fraud and misrepresentation, it should be set aside in a timely proceeding for that purpose brought in the court in which it was rendered, but no other court of concurrent jurisdiction can entertain such suit. The two cases cited and relied on by appellant to sustain his contention that the court below had jurisdiction to entertain appellant's suit for money received by the guardian for the estate of her wards and not shown on any inventory filed by the guardian are Yates v. Watson (Tex. Com. App.) 221 S. W. 966, 967, and Davis v. Harwood, 70 Tex. 71, 8 S. W. 58.

Neither of these cases sustains appellant's contention. In the Yates Case the court holds that a bill of review of an order approving a final account of a guardian is not the proper proceeding to obtain correction of erroneous or incomplete inventories filed by a guardian, but the methods provided by the statute must be followed to obtain such relief. It seems clear to us that this case has no bearing upon the question of whether the court below had jurisdiction of this suit to set aside the judgment or order of the county

court of Angelina county closing the guardianship by appellee of appellant's estate and discharging the guardian and her sureties from all further liability for any sums of money which she received for appellant's estate.

The case of Davis v. Harwood is less in point, since it only decides that, after an estate had been withdrawn from administration by the heirs and its assets partitioned among them, the county court in which the administration had been pending had no authority to require the administrator to file an additional inventory, but the heirs might sue the administrator in the district court to recover money or property received by him and not accounted for to the heirs. There was no contention in that case that the county court, in granting the application of the heirs for withdrawal of the estate from further administration, had heard and adjudicated the question of the administrator's liability to the heirs and rendered judgment thereon, as in this case.

The further contention of appellant that the order of discharge of appellee and her sureties is void because not made at a term of the county court authorized by law was, we think, properly disposed of in our original opinion. 'In support of the conclusion reached in that opinion on this question, the cases of Employers' Casualty Company v. Smith (Tex. Civ. App.) 284 S. W. 991, and Idar v. Uehlinger (Tex. Civ. App.) 49 S.W.(2d) 998, are directly in point.

In his motion for rehearing appellant has filed and presented a certificate from the county clerk of Angelina county showing that no order of the commissioners' court of the county fixing any terms of that court in addition to those named in the Constitution was made and entered prior to the order of the county court closing the guardianship and discharging appellee.

In answer to this motion, appellee has presented a certificate from the clerk showing that the certificate presented by appellant is erroneous, and that the judgment discharging the guardian and her sureties was made and entered at a regular term of the court as fixed by an order regularly made and entered in the minutes of the court.

It is a well-settled general rule that amendments of the record by certificates or affidavits cannot be considered by an appellate court. 3 Texas Jurisprudence, pp. 531–533, and 426, and cases there cited.

If such evidence can be considered upon the question of the jurisdiction of the court a quo as that question affects the jurisdiction of this court, we find from the contradictory certificates presented that the judgment of the county court attacked in this suit was rendered at a term of the court fixed by law.

These general observations upon the merits of the motion for rehearing were probably unnecessary, but, in deference to the earnestness of appellant's counsel in presenting the motion, we deemed it proper to give here a statement of our conclusions thereon.