## L. H. REED v. J. R. L. TIMMINS AND WIFE.

1. EVIDENCE.—The opinion of a witness as to the solvency of an estate is not objectionable on the ground that it is a conclusion of law or of fact.
2. FACT CASES.—See opinion for facts which did not authorize a guardian to be charged with compound interest for money in his hands not accounted for. Whether the guardian should be chargeable with compound interest or not, is an issue more proper for the determination of the presiding judge than for a jury.
3. INTEREST.—Compound interest is allowed in stating the account of a guardian or other trustee, not with a view to punish, but to reach the profits which under the facts he has made. If he has used the trust fund in trade or in speculation, he will be held to account for the profits or for interest, at the option of the cestui que trust.
4. FACT CASE—INTEREST.—See facts under which it was held that a guardian should be held liable for the amount uncollected at the date of compounding a claim due the estate of the ward, without allowing interest thereon.
5. GUARDIAN AND WARD—COMMISSIONS.—A guardian should be allowed commissions only on sums actually collected and paid out.

APPEAL from Cherokee. Tried below before the Hon. Richard S. Walker.

The opinion states the case.

*Wilson & Bonner* and *H. M. Whitaker*, for appellant.

I. When a jury has intervened and the issues have been submitted to them, their verdict must constitute the basis of the judgment. The court cannot look to the evidence on which the verdict was found in order to determine what judgment to render. (Ledyard *v.* Brown, 27 Tex., 406; Lloyd *v.* Brinck, 35 Tex., 6; Claiborne *v.* Tanner, 18 Tex., 78; Jackson *v.* The State, 21 Tex., 675; Faulk *v.* Faulk, 23 Tex., 665.)

II. It nowhere appears in the record, either by verdict of jury or statement of Reed, that he was chargeable for rent for the year 1870, although he is charged by the court $150.

III. Under the evidence, the guardian was entitled to something for clothing of ward up to the time (1871) when her services became valuable.

It will be seen that judgment is rendered against him for $2,392.37. This is predicated upon the Heath note and interest, and the supposed rents of the homestead. Deduct this note and interest, $2,216.15, leaves $176.22, which must arise from the rent of the homestead, as it cannot be pretended that there were other assets which came into his hands unaccounted for. We have, then, for the care, maintenance, and education of the ward for about eleven years, and for the taxes, repairs, and expenses of her property, to say nothing of his commissions and other expenses of administration, a sum less than the rent of a common homestead in the small town of Rusk; when it is doubtful that the law contemplated that the guardian should be charged with the rent of the homestead. (Hoffman *v.* Newhaus, 30 Tex., 633.)

A judicious settlement of the Heath note, such as a prudent man would make, as required by the statute, (Paschal's Dig., arts. 3903, 6941–6951; Roberts *v.* Shultz, 45 Tex., 187,) was set aside without any sufficient cause; the guardian held responsible for interest and rents, when, by the terms of a plain and salutary statute, he was, without fault on his part, restrained from further acting as guardian, by order of the court from which he derived his authority.

It is most respectfully submitted that a mere inspection of this record will disclose such glaring errors in the judgment of the honorable court below as will demand that it be reversed.

*S. B. Barron,* for appellees.

I. The guardian's account, as restated by the court, is substantially in response to the verdict of the jury.

II. The facts in this case make it legally and equitably right to make annual rests in the guardian's account. (Paschal's Dig., arts. 3906, 3910; 1 Johns. Ch., 620–630.)

III. Appellees object to appellant's seventeenth proposition, fifty-third error, on the ground that a guardian is held to due diligence in managing his ward's estate, and is liable for gross negligence.

It was in proof that Heath's estate was abundantly solvent, and no good and sufficient excuse or reason is given why the interest was not collected, or why the ward was not given the benefit of the premium on the gold, which he considered equivalent to the interest. (Paschal's Dig., arts. 3902, 3903.)

Further notice of appellees' brief, with reference to appellant's assignments of error from 1 to 60 inclusive, is omitted, in view of the opinion.

GOULD, ASSOCIATE JUSTICE.—The questions presented in this case grow out of a contested settlement of the account of L. H. Reed, guardian of his niece, Belle R. Jones, the guardianship having commenced in December, 1865, when the ward was but five years of age, and terminating with her marriage, in September, 1876. In addition to several tracts of land (unimproved), the inventory of the guardian embraced a house and lot in the town of Rusk, and a note on Jesse Heath for $575, bearing ten per cent. interest from date, February 16, 1860. These two items were the only sources of income, as the unimproved lands were not sold, but were turned over on the ward's marriage.

In January, 1867, Reed filed an exhibit showing that he had occupied the house and lot in Rusk during 1866, and asking that the use of the house for that year be allowed him as equivalent to the support and schooling of his ward and taxes on her property for the same period. This exhibit was approved. No exhibit of his subsequent transactions as guardian was made until after the marriage of his ward. In 1873, one of the sureties on his bond applied to be relieved, and the docket shows that Reed was restrained from further acting as guardian until he gave a new bond. No new bond was given. In March, 1877, Reed filed what purported to be his final account, which account was contested by his late ward and her husband. The result of that contest was a restatement of the account in the County Court, showing a cash balance against the guardian of $864.19. Timmins and wife, not be-

ing satisfied with this settlement, appealed to the District Court. In that court, numerous special issues were submitted to a jury, and, upon their findings, the court again restated the account, giving judgment against the guardian for a balance of $2,392.27; and the case is brought to this court by the guardian.

It would be impracticable to pass separately on all the numerous assignments of error, or even on all of the propositions submitted in appellant's brief. Some of them, like the first, that the court erred in submitting the case to a jury, may be disposed of without further remark than that no such objection appears to have been made at the proper time in the court below. So of the objections to sundry special issues, and to omissions in the charge, we remark that the appellant does not appear to have suggested at the right time the points now made.

It is objected that a witness, being interrogated as to the solvency of Heath's estate, answered in his deposition that it was solvent. We think that the answer was responsive to the question, and was not objectionable as a conclusion of law or fact. In regard to testimony objected to and admitted, to the effect that the services of Belle R. Jones were worth equally as much as her board, clothing, and schooling while she lived with L. H. Reed, we remark that it is not material to inquire whether the court erred in overruling the objection. Like testimony was given by other witnesses without objection.

With the exception of the finding on the eleventh special issue, which will be noticed hereafter, we regard the findings of the jury as sufficiently supported by the evidence. According to these findings, the guardian, in December, 1866, compounded the Heath note by taking its face value in gold, being $391.47 less than was then due for accumulated interest; and it is also found by the jury that he could afterwards have loaned out this money at twelve per cent., and even, during the period when higher interest was legal, at fifteen per cent. They find that from 1866 to 1870 the board and care of the

ward were worth $132 per annum, and that after that period nothing should be allowed the guardian for board, clothing, and all other necessary expenditures, on the ground that the ward's services to him and his family were an equivalent therefor. The findings fix the rental of the house and lot during the years it was occupied by the guardian, and the rent collected when occupied by others, fixing all the receipts and expenditures of the guardian for each year. In restating the account, the court found the balance against the guardian at the end of each year, and charged him with interest thereon at the rate of twelve per cent. for the ensuing year. The first year, 1867, the guardian is charged with the amount collected on the Heath note, (less a trivial sum accounted for,) $571.10, twelve per cent. interest thereon, and rent of house and lot for 1867. He is credited with expenditures for taxes, repairs on house, and maintenance of ward, and with commissions. In like manner the account is stated and balance struck each year. After 1870, the item for maintenance of ward disappears. The interest being thus compounded at the rate of twelve per cent., the result was a balance on September 26, 1876, of $1,694.28. To this the court added the amount due on the Heath note and not collected, $391.47, with eight per cent. interest from December 7, 1866, $306.62, which two items, added to the $1,694.28, made $2,392.37, the total amount found due by the guardian on September 26, 1876.

The main question in the case is, Did the court err in compounding interest at the rate of twelve per cent. and in charging the guardian with the uncollected interest on the Heath note, and interest thereon? In response to the eleventh issue, the jury found that the guardian could have put the money out at loan and collected it promptly, without delay or suit, so as to put it out again promptly and keep it steadily at interest from year to year. This finding is objected to as not supported by the evidence. The only witness who testified on the subject says that he had put his money at loan until he was out, not being able to collect. We think the issue one

which might well have been pretermitted, because it submitted to the jury a question more properly one for the court itself. On such a question the opinion of an experienced judge would scarcely be much aided by that of an ordinary jury. For this reason, and because the finding was unsupported by the evidence, we think it constituted no basis for the judgment compounding interest annually at twelve per cent.

It is to be borne in mind that compound interest is allowed in settling the account of a guardian or other trustee, not with "the view to punish, but with a view to reach the profits" which under the facts he is presumed to have made. (Turney v. Williams, 7 Yerg., 214.) If he has used the trust fund in trade or in speculation, he will be held to account for the profits or for interest, at the option of the *cestui que trust*. (Hill on Trustees, [374,] 534.)

The guardian in this case was engaged, not in trade, but in farming, and there is nothing in the record to justify the inference that he realized anything more than ordinary interest or profit from his ward's money. Assuredly the charge of compound interest at the rate of twelve per cent. cannot be justified as being no more than was probably realized by the guardian. "Simple interest," it has been said by a court of high authority, "is usually more than can be realized with the utmost diligence." (Wright v. Wright, 2 McCord Ch., 185.) This is believed to be undoubtedly true here of such a rate of interest as twelve per cent., especially when the investment extends over a number of years. The delinquency of the guardian in failing for a number of years to make his exhibits, during which period he was getting the benefit of the trust fund, justified the court in charging him such interest as would prevent him from reaping any profit and as would place the ward in the condition in which a conscientious discharge of the trust would have placed her. We think this will be accomplished without compounding the interest. Outside of the Heath note, the corpus of the ward's estate was preserved and turned over. There is no general or invariable rule requiring

interest to be compounded, but the courts seem to have exercised a large discretion, looking to the facts and circumstances of each particular case. (Wright v. Wright, 2 McCord Ch., 454; Hill on Trustees, [374,] 531; Jones v. Foxall, 13 Eng. L. and Eq., 142.) In cases where interest has been computed with annual rests, the rate of interest has usually been low. We think the District Court erred in charging the guardian with compound interest.

We further think the court erred in charging the guardian interest on the uncollected balance of the Heath note. It is true that in compounding the debt he acted without authority, but it is far from clear that he was guilty of anything more than a technical wrong. It can scarcely be doubted that he supposed himself acting for his ward's interest in accepting the face of the note in gold. Heath, the maker of the note, was dead, and his estate, though solvent, was unadministered. Under these and the other circumstances testified to as to the supposed danger of confiscation, the guardian accepted what he regarded as the equivalent of the note and interest in currency. The court below regarded him as accountable for the uncollected balance of the note and simple interest at eight per cent. We think the circumstances indicate that the guardian acted in this matter without any improper motive, and that he is held to a sufficiently strict account by making him responsible for the balance uncollected, without charging him interest on what he never received. Trustees are not always charged interest on sums lost through their neglect, although decreed to make good the corpus of the trust fund. (Hill on Trust., [375,] 534, [524,] 768; Bruere v. Pemberton, 12 Ves., 386.)

The guardian appears to us to have had such grounds for the course he took as should relieve him from interest. It may be remarked in this connection, that the court submitted to the jury no issue as to the guardian's good faith or prudent management in compounding the debt, and that this item in the account, as restated, is, in part at least, outside of the findings of the jury.

Appellant claims that the court could not, in framing its judgment, look outside of the special findings. We remark, that the restatement of the account was not submitted to a jury, but only those issues bearing thereon on which the court desired the jury to pass. It was not a case in which all the issues were or could be submitted to a jury, and it was therefore not a case in which the court was confined to their findings. (Claiborne *v.* Tanner, 18 Tex., 78.)

It is further complained, however, that the court, in restating the account, disregarded some of the findings. In so far as the items of rents for 1875 and 1876 are concerned, the complaint seems to us well founded, and the error should be corrected.

The court allowed commissions only on sums actually collected and paid out, and in so doing, we think, did not err. Commissions, however, on $575 actually collected, should have been deducted from that sum before computing interest thereon.

Appellant claims that after he was required to give new bond, his authority and responsibility as guardian ceased. We think that he continued responsible for funds which he held, and that his responsibility was certainly no less because of his failure to give fresh bond.

Looking to the nature of the case, our opinion is, that the findings of the jury and the admissions of the guardian, as contained in his exhibits and testimony, constitute a sufficient basis for a final restatement of the guardian's account and adjudication of the case. The errors against the appellant are not such as entitle him to another trial, and the appellees request this court, in the event that there is found to be error in the action of the District Court, to proceed to render the proper judgment. We have accordingly restated the account on a separate paper, filed herewith, and find the balance against the guardian on September 26, 1876, to be $1,726.34, and the judgment of the District Court is reformed so as to be for that

sum.   The costs of the appeal are adjudged against appellees; the costs below to be paid by appellant.

REFORMED AND RENDERED.

[Opinion delivered October 29, 1879.]

[Justice BONNER did not sit in this case.]