## E. E. WHITFIELD ET AL. v. EUGENIA G. BURRELL ET AL.

### Decided March 25, 1909.

**1.—Probate Proceedings—Guardian's Account—Limitation.**

A proceeding under article 2766 of the Revised Statutes to compel a final accounting and settlement by a guardian, is not on "action" within the meaning of art. 3358, and is not barred by limitation thereunder within four years from the time that the ward comes of age.

**2.—Statement of Facts.**

Under the Act of May 25, 1907 (Laws 30th Leg. p. 509) a certified copy of the statement of facts cannot be used on appeal in place of the original, which is required by that law to be sent up.

**3.—Guardian—Bond—Judgment.**

In a proceeding to secure accounting and settlement by a guardian, judgment for the amount found due and for the costs on appeal by the guardian was properly rendered against him and the sureties on his bond, where the latter had voluntarily made themselves parties to the proceedings in opposition to the settlement.

### ON REHEARING.

**4.—Guardian and Ward—Education and Maintenance.**

The guardian cannot be allowed credit for expenditures in the education and maintenance of the ward made without direction of the court and in excess of the clear income of the estate. (Rev. Stats. art. 2630.)

**5.—Guardian—Failure to Loan Money.**

A guardian who fails to use reasonable diligence to loan the money of the ward (Rev. Stats. art. 2639) but makes personal use of the same, is properly charged with interest thereon at the rate of 10 percent from the time he so neglected to loan it.

**6.—Guardian—Expenses Incurred.**

A guardian was properly refused credit for the expenses of a trip to Washington incurred before he qualified as guardian and made not solely in the interest of the minors.

Appeal from the District Court of Lampasas County. Tried below before Hon. John M. Furman.

*L. C. McBride,* for appellants.

*N. B. Abney,* for appellees.

LEVY, ASSOCIATE JUSTICE.—By order of the Probate Court of Lampasas County, Texas, made April 8, 1890, appellant E. E. Whitfield was appointed guardian of the person and estate of Eugenia G. Whitfield and Ethel M. Whitfield, minors, and he duly qualified as such guardian. On May 22, 1907, said Eugenia G. Burrell (nee Whitfield), joined by her husband, filed in the Probate Court of Lampasas County a complaint in writing complaining to such court that said guardian had never made and rendered any annual account of his guardianship, or settlement in any manner, of his transactions as such guardian, and had failed and refused to settle with complainant for her estate; that she was now a married woman; and

prayed that an order be made citing the said guardian to appear and file his final account of settlement as such guardian, and for an order directing him to pay and deliver to complainant such money and property as she was entitled to have. The application also asked for his accounting with Ethel M. Whitfield, who was still a minor. After service of citation the guardian appeared at the regular term of the Probate Court and answered by general denial and a plea of the statute of two and four years limitation in bar of the right to have final accounting; and without waiving his plea of limitation, tendered an account in final settlement. The Probate Court passed the accounting as to Ethel, a minor, and determined the accounting as to appellee only. The appellee entered a contest to some of the items in the account of the guardian; and after hearing evidence thereupon the court entered an order restating the account as filed and presented by the guardian, and after approving and allowing certain disbursements by the guardian decreed that by a full and fair settlement of accounts the guardian has in his possession as due the appellee the sum of $2644, and "which said sum he, the said E. E. Whitfield, is hereby ordered and directed to at once pay over to said Eugenia G. Burrell; and upon compliance with this order said E. E. Whitfield shall be discharged and said guardianship closed so far as the same affects said Eugenia G. Burrell." From the order of the Probate Court the appellant and the sureties on his guardian's bond appealed to the District Court. The sureties on the guardian's bond seem, from the record, to have voluntarily appeared and made themselves parties to these proceedings in the Probate Court. In the District Court a decree was entered upon trial fixing the amount of the property in money after allowing certain disbursements due by the guardian to appellee, and directing the guardian to pay over the same to the appellee and upon the payment of the same that he be fully discharged by reason of his guardianship; and further ordered that the decree be certified to the County Court for observance. From this decree so entered by the District Court an appeal was prosecuted to this court by the guardian and his sureties.

*After Stating the Case.*—Appellant Whitfield, the guardian, pleaded limitations in bar of the proceedings, and complains, by proper assignments of error, that the court erred in not sustaining the pleas. The court in his decree finds, and we consider that finding, that appellee, the ward, became twenty-one years old on August 24, 1902. The application to the Probate Court in this case was filed in the Probate Court on May 22, 1907. Appellant contends that this is an action to which article 3358 of the Limitation Statutes would apply in bar. The application in this record on which the proceedings in this case were founded, was under authority of article 2766, Rev. Stats., which provides: "Should the guardian fail to file his account for final settlement at the proper time, the court shall, upon its own motion, or upon the complaint in writing of anyone interested in the estate, cause such guardian to be cited to appear at a regular term of the court and file such account." The order of the Probate Court was entered in accordance with article 2770, which says: "After

citation has been duly served the court shall proceed to examine the account for final settlement, and to hear all exceptions and objections thereto, if any, and the evidence in support of and against such account, and if the same is found to be fair, just and correct an order shall be entered upon the minutes approving it and directing the guardian to deliver the estate remaining in his hands to the ward or other person legally authorized to receive the same, and upon compliance with such order the guardian shall be discharged, and such guardianship closed by an order to that effect upon the minutes." By article 3358, which appellant insists is applicable to these proceedings, it is provided, "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." The "every action" in this article does not include nor mean the demand by the Probate Court of the guardian, as in these instant proceedings, for a final accounting of his transactions about the estate of his ward during his ward's minority. Such special proceeding by the Probate Court is not an action within the meaning of the article just quoted. All the limitation statutes employ the words "action" and "suits." As was said in Webb v. Allen, 15 Texas Civ. App., 605, 40 S. W., 342, " 'Actions' and 'suits,' as generally used in these limitation statutes, are synonymous and interchangeable terms." "Suit" is defined in Ex parte Towles, 48 Texas, 433. The accounting "for final settlement" by the Probate Court arises from the trust relation of guardian, and is within and under the power and control of the Probate Court. Such proceedings constitute a process of returning a detailed statement of the accounts of the fiduciary relation, showing the balance of receipts and disbursements of the estate in his possession. The decree of the court in respect thereto operates as an account stated between ward and guardian, as well as the formal release from the trust upon such account. It is the duty of the guardian, under the statute, when his ward arrives at twenty-one years of age to render his account to the court for final settlement and discharge. It is within the power of the Probate Court to inquire into and determine whether the same as rendered be fair, just and correct. Sheffield v. Goff, 65 Texas, 354. The Probate Court having the power to appoint the guardian, such court retains jurisdiction and control over him to terminate the appointment in the way provided by statute. Marlow v. Lacy, 68 Texas, 154; Logan v. Robertson, 83 S. W., at p. 397. The guardian is not entitled to an absolute discharge of his trust by the court until he has submitted his final account or settlement with the court. The fact that the ward has reached majority does not deprive the Probate Court of its jurisdiction over the guardian to compel and enforce an accounting of his guardianship about the estate during the ward's minority. This article 2766 continues the control and jurisdiction of the Probate Court over the guardian for final accounting during the ward's minority, and expressly authorizes the court either "upon its own motion, or upon the complaint in writing of anyone interested in the estate," to cause the guardian to appear and at a regular term of the court file such account. The article does not undertake to

limit the length of time after the ward becomes of age that the court shall have power and control over the guardian as to the settlement of such account; neither does it provide that where a guardian has failed in his duty to file such account immediately upon the ward's arriving at the age of twenty-one years, the lapse of any given period of time thereafter furnishes a bar to the enforcement of an accounting by the Probate Court. In the absence of express provision of law restricting the time when the Probate Court can exercise its power to inquire into and investigate the transactions of the guardian during the ward's minority after the ward becomes of age, the courts can not rule that the Probate Court can not so exercise its power within the time shown by the facts of this case. There is a provision of law that compels suits on the guardian's bond within four years after discharge by the court. Article 3357, Rev. Stats.; Allen v. Stovall, 94 Texas, 619, 63 S. W., 863. This is the only provision of the statutes of limitation that has express relation to guardians, but the same has no application to the proceedings in this case. It is true that the statute provides that the ward may appear and file exceptions to the account of the guardian, and authorizes the Probate Court to hear evidence in support of or against such account; but such answer merely constitutes opposition to the account as rendered, requiring the scrutiny of the court as to the claim of the guardian. Such opposition, however, does not constitute the proceeding before the court an "action" in the sense of suit or case within the meaning of the article of limitation above quoted. We are of the opinion that neither the four nor two years statute of limitations, as insisted by appellants, would apply to this proceeding; and the first and second assignments of error are overruled.

The third, fourth, fifth and sixth assignments can not properly be reviewed in the absence of a statement of the facts. There is no statement of facts in the record that we are authorized to consider, except the findings and the decree of the trial court as far as made by him. It is required by the Act of May 25, 1907, that the original statement of facts, signed and approved in terms of the Act, be the statement of facts to be considered in the case on appeal by the Appellate Courts. Garrison v. Richards, 107 S. W., 863; Texas & P. Ry. Co. v. Stoker, 113 S. W., 3. The clerk is not authorized to certify to a copy; and unless the parties to the suit by agreement waive the original and by agreement substitute a copy, the Appellate Court can not assume that what purports to be a statement of the facts is a true copy of all the facts upon which the disposition of the case should be made to rest, or of the material facts involved. Bean v. Bird, 115 S. W., 121.

The seventh assignment is overruled. The judgment of the District Court, which it had power to render on appeal, for costs of the appeal from the County Court against the guardian and his bondsmen, with execution therefor, was proper, the sureties having voluntarily become parties to the proceedings and made opposition thereto. Article 2785, Rev. Stats. The decree of the court establishing the amount of money the guardian should have on hand and which was due as against the guardian and his sureties by name and before the

court, is not error.   Bopp v. Hansford, 18 Texas Civ. App., 345.
The order and decree of the court against the guardian upon a set-
tlement of the accounts is conclusive against the sureties, without
citation.   Articles 2770-71, Rev. Stats.; Hornung v. Schramm, 22
Texas Civ. App., 328.   But in this case the sureties have made them-
selves parties without citation; and having defended the account of
the guardian, they can not complain if they were named by the terms
of the decree.

The case was ordered affirmed.

### ON REHEARING.

We concluded to and did grant the rehearing herein, in order to
consider the statement of facts copied into the record.   Royal Ins.
Co. v. Texas & G. Ry. Co., 116 S. W., 46.   We have no reason to
change our views on the assignments of error disposed of in the
original opinion.   This leaves for consideration the assignments not
heretofore disposed of.   The following findings of fact were made by
the court, and are sustained by the evidence: "I find that the guar-
dian should be charged with insurance money as specified in his final
account, $5700; also with the value of jewelry, as specified in his
final account, $63; total $5763.   I find that one-half of said $5763
belongs to Eugenia G. Burrell (nee Whitfield), amounting to $2881.50.
I find that said guardian should be credited with one-half of attor-
ney's fees paid W. B. Abney $12.50, and to Lauderdale $25, and
Bernard & Edwards $152.50, and one-half of the expense in bringing
minors from Washington; total $390, and leaving a balance of
$2491.50.   I find that the guardian failed to invest said sum for the
benefit of his ward's estate, but did use, invest and convert same to
his own use, and should be charged with ten percent interest per
annum on said $2491.50 during his ward's minority, and with interest
thereon at the rate of six percent from the time she obtained her
majority on August 24, 1902, until this time, which amounts to
$3874.25.   I find that said guardian is entitled to a credit on said
interest for expenses for maintainance of said ward during her minor-
ity, which is the reasonable sum of $100 per annum, amounting in
all to $1250."

By the third and fourth assignments it is contended that the court
erred in not allowing the guardian credit for the $1250 item for
support and maintainance of the ward out of the corpus of the estate
instead of the interest from the corpus as was done.   The amounts
were not expended under order of the court, but by the guardian
without such authority.   We do not think there was error.   The stat-
ute expressly provides, "But without such direction of the court the
guardian shall not be allowed, in any case, for the education and
maintainance of the ward more than the clear income of the estate."
Article 2630, Rev. Stats.; Smythe v. Lumpkin, 62 Texas, 242; Jones
v. Parker, 67 Texas, at p. 82, 3 S. W., 223.   By the finding of the
court the interest per annum on the principal of the estate more than
exceeded the amount per year expended for the maintenance and
education.

By the fifth assignment it is contended that the court erred in allowing ten percent interest upon the principal of the estate for the time indicated. By the finding of the court the guardian used, invested and converted the principal of the estate shortly after receiving the same as such guardian to his own personal use, and failed to invest or loan the same. It is the duty of the guardian to loan the money of the ward (article 2639, Rev. Stats.); and if he neglects to do so, when by use of reasonable diligence he could do so, he is liable for the highest legal rate of interest upon the principal for the time he neglects to loan the same. Article 2648, Rev. Stats. This statute was intended for the faithful administration of estates, and is imperative. Smythe v. Lumpkin, supra. See Reed v. Timmins, 52 Texas, 84. Having converted the estate to his own use and benefit shortly after receiving the same, the guardian was properly held liable for the highest legal rate of interest.

By the sixth assignment it is claimed that the court erred in refusing to allow the guardian the claim for $750. The court made the finding: "I find that the claim for $750 made by the guardian to cover the expense of a trip to Washington is not a proper legal charge against the estate of the minor." The court's findings is based upon the evidence that the trip was made for the mother of the children before he qualified as guardian, and not solely for or in the interest of the minors themselves. The court's finding is supported by the evidence and we do not feel authorized to disturb such finding.

The eighth assignment is overruled. This, together with the original opinion, disposes of all the assignments presented.

The case was ordered affirmed.

*Affirmed.*

Writ of error refused.