PURE OIL CO. v. CLARK et al.

No. 3991.

Court of Civil Appeals of Texas. Texarkana.
April 2, 1931.

Rehearing Denied April 9, 1931.

See, also, 37 S.W.(2d) 1084; 35 S.W.(2d) 838.

Vinson, Elkins, Sweeton & Weems, of Houston, and Wynne & Wynne, of Wills Point, for appellant.

McEntire, Shields & Elam, of Canton, Beall & Beall, of Sweetwater, and Edgar J. Elam, of Dallas, for appellees.

SELLERS, J.

This suit was instituted in the district court of Van Zandt county, Tex., by Rube Clark, a lunatic, appearing therein by and through his next friend and guardian ad litem, James H. Shields, against R. Clark and the Pure Oil Company upon a petition for a writ of certiorari to have reviewed and declared void all orders and judgments entered in a certain probate cause pending in the county court of Van Zandt county. The writ was granted, and, on a trial of the case before the court, all orders, judgments, and decrees in probate cause No. 4288 pending on the probate docket of the county court of Van Zandt county were declared to be void, illegal, and of no force or effect. To this judgment the defendant Pure Oil Company excepted and gave notice of appeal, and the case is now before this court for review.

The statement of facts consists of the transcripts of two probate proceedings pending in the county court of Van Zandt county and the testimony of one witness.

The first transcript is that of cause No. 4288, wherein R. Clark on September 29, 1928, made application to the county court of Van Zandt county to be appointed temporary guardian of the estate of Rube Clark, a person of unsound mind, which application was granted and all necessary proceedings were had in the appointment of R. Clark as temporary guardian of Rube Clark, a person of unsound mind. And at the next term of the county court these temporary guardianship proceedings were in all things made permanent. This transcript further shows a regular sale of an oil and gas lease upon the lands of Rube Clark, a person of unsound mind, by the guardian, which lease was owned at the time of this suit by the Pure Oil Company.

The other transcript, being cause No. 1684, shows that on August 22, 1916, F. R. Clark was appointed guardian of Rube Clark, a minor about the age of 7 years, along with other minors, and was also appointed guardian in the same proceedings of Mrs. J. B. Clark, a non compos mentis; all proceedings being regular in all respects. In 1917, F. R. Clark died, and in May, 1918, R. Clark was duly and regularly appointed as guardian of said minors and Mrs. J. B. Clark, a non compos mentis, to take the place of F. R. Clark, deceased. There was also introduced in evidence the entries made in the probate docket in case No. 1684, which shows, among others, the following order: "September 10, 1928, application to close guardianship filed."

The witness who testified was R. Clark, who stated that he was the R. Clark that was referred to as guardian in both proceedings.

The court did not file findings of fact or conclusions of law, but the judgment discloses that the court held the proceedings in cause No. 4288 void and of no force and effect upon two grounds: First, because there was no citation served upon Rube Clark as required by law; second, that there was pending and open in the county court another and different guardianship on the estate of Rube Clark which had not been closed, to wit, cause No. 1684.

The first proposition relied upon by the court to sustain the illegality of the proceedings in cause No. 4288 cannot be sustained. Article 4116, R. S. 1925, is as follows: "A minor fourteen years of age or over shall be personally served with citation to appear and answer such application, or such minor by writing filed with the clerk may waive the issuance of such citation and make choice of a guardian." This article makes no provision for personal service of citation when the application is made for guardianship of the estate of a person of unsound mind, evidently for the reason that service upon individuals in that condition would be useless. This article recognizes that minors 14 years of age or over have discretion sufficient to choose their own guardian, which is the very purpose of this statute.

If it be conceded that as a legal proposition the orders and decrees of a probate court in a guardianship proceedings of a minor's estate are void when there is another and previous guardianship of the same minor's estate pending in the same court by the same guardian, which question we do not here pass upon, it would have no effect upon the issue here presented upon the facts of this case.

The proceedings in cause No. 4288 are, upon their face, in all things regular, and show that the court had jurisdiction, because it is the duty of the probate court to appoint a guardian of a person of unsound mind, irrespective of the age of such person. In the proceedings of cause No. 4288 there is no mention of the age of Rube Clark, but he is referred to throughout the proceedings as a person of unsound mind.

Article 4296, R. C. S. 1925, provides: "When the ward dies, or if a minor, arrives at the age of twenty-one years, or if a female, marries, or, if a person of unsound mind or habitual drunkard, is restored and discharged from guardianship, the guardianship shall be immediately settled and closed and the guardian discharged, as provided in this chapter." Under this article, all power of the guardian to act for a minor is lost when the minor becomes 21 years of age, whether the court enters an order to that effect or not, and the court retains jurisdiction only to require a settlement of the guardian to the minor, and, upon settlement, to discharge the guardian.

There is no evidence in this record tending to show the age of Rube Clark at the time the proceedings were had in cause No. 4288. If Rube Clark was at that time 21 years of age, then the proceedings in cause No. 1684 were closed by operation of law, and it certainly was necessary for the court to appoint a guardian for his estate before any one would have authority to act for him, he being of unsound mind, and, in the absence of evidence to the contrary, it will be presumed that all facts necessary to support the jurisdiction of the county court in cause No. 4288 were before the court when the proceedings were sued out.

The order of the probate docket in cause No. 1684, which is as follows: "September 10, 1928, application to close guardianship filed"—would indicate almost conclusively that such minor had reached his majority and that the guardian in that proceedings was no longer authorized to act.

We are of the opinion that the evidence wholly fails to show that the guardianship proceedings in cause No. 1684 were open and pending in the county court of Van Zandt county upon the estate of Rube Clark when the subsequent proceedings in case No. 4288 were sued out.

The judgment of the trial court is reversed, and judgment here rendered in favor of appellant, holding valid all orders, judgment, and decrees in cause No. 4288 pending on the probate docket of Van Zandt county.