**WILLIAMSON et al. v. BOWMAN et al.**

No. 4977.

Court of Civil Appeals of Texas.
Texarkana.

Oct. 21, 1936.

Rehearing Denied Nov. 12, 1936.

A. T. Norman, of Houston, for appellants.

Norman & Norman, of Rusk, Smithdeal, Shook, Bowyer & Lefkowitz, of Dallas, Thomas Shearon and B. B. Perkins, both of Rusk, and W. O. Seale, of Lufkin, for appellees.

JOHNSON, Chief Justice.

On February 28, 1919, D. E. Williamson, G. S. Williamson, and Winona Inez Williamson were minors whose parents were deceased. On that date E. R. Latham qualified in the probate court of Cherokee county as guardian of the estate of said minors by taking the oath and executing bond in the sum of $4,000, with J. H. Bowman, Eli Bailey, J. W. Sessions, and J. L. Bailey as sureties. A part of the estate of said minors inventoried and received by Latham as guardian was the sum of $2,000, proceeds of an insurance policy issued upon

the life of their mother. On January 26, 1931, each of said minors, having arrived at the age of twenty-one years, joined in written application filed in said cause pending in said court for an additional inventory and a final accounting (no previous accounting, annual or otherwise, having been filed by the guardian), and for distribution of the estate. March 16, 1931, upon consideration of the petition of said wards, an order was entered by the court directing the guardian and the sureties on his bond to appear before the court on April 6, 1931, and show cause why such inventory should not be made, and to show an accounting of the estate and how it had been administered. After service of citation upon the order, the sureties, J. H. Bowman, Eli Bailey, and J. W. Sessions answered and filed a contest to the application. The guardian and the representatives of the estate of the bondsman, J. L. Bailey, deceased, did not answer but made default. On April 6, 1931, the hearing was passed to April 9, 1931. On the last-named date a hearing was had upon the application and the contest, and an order was entered requiring the guardian and his sureties to file within thirty days a full, complete, and final accounting of the estate. Thereafter, and on May 28, 1931, upon hearing, the court entered its final order and judgment in such final accounting, finding and fixing the amount of the estate due by the guardian to the wards in the sum of $2,000, together with the statutory liability of 10 per cent. interest thereon, for failure of the guardian to invest the estate, from February 28, 1919, to May 28, 1931, and ordering distribution to the wards in portions of one-third each, in final settlement of the guardianship.

On April 24, 1933, the present suit was filed in the district court of Cherokee county by the wards against the guardian, E. R. Latham, and the sureties on his bond, J. W. Sessions and Eli Bailey, and against Ben H. Bowman as administrator of the estate of the deceased bondsman, J. H. Bowman—and alleging insolvency of the estate of the bondsman J. L. Bailey, deceased—to recover the amount declared and adjudged by the probate court of Cherokee county in said final accounting to be due said wards. The petition also alleged that, in an attempt to evade his liability on the bond, the surety J. H. Bowman, an unmarried man, prior to his death, had fraudulently and pretendedly conveyed all his property to divers persons, all of whom were made parties defendant, and the convey-

ances were sought to be set aside and the property subjected to the payment of plaintiffs' debt as so established by said judgment of the probate court.

The case was tried to a jury. At the close of the evidence the court upon motion of defendants directed a verdict in favor of defendants and entered judgment accordingly for the defendants and against the plaintiffs. From an order overruling their motion for new trial plaintiffs have appealed.

Appellants have presented a number of assignments of error directed to the action of the trial court in peremptorily directing a verdict for appellees; under which assignments it has been necessary to read and consider the entire record, from which we find there is evidence in support of the issues presented by appellants' pleadings. Therefore the action of the trial court in instructing a verdict for defendants was error, unless it can be sustained under one or both of two theories presented in the briefs for appellees. It is contended by appellees: (1) That appellants' petition in the district court in this case declares upon the judgment alone of the probate court and is not a suit upon the guardian's bond; and (2) that such judgment of the probate court is one against the guardian and his sureties upon his bond, is for more than $1,000, is therefore in excess of the jurisdiction of the probate court, and for that reason is void. Upon which grounds, it is contended, the trial court properly instructed a verdict for defendants. The judgment of the probate court in question fairly shows within its own language to be an order and decree of that court in final accounting of the guardianship estate, determining and declaring the amount due by the guardian to the wards in final settlement of the estate and directing distribution to the wards. This construction of the judgment is supported by the record of the probate proceedings and orders preliminary and leading up to the judgment in question. Appellees rely upon the case of Timmins v. Bonner, 58 Tex. 554, and other authorities holding, in accordance with the rule stated in 21 T. J. 402, § 127, that an action to recover upon the guardian's bond, either before or after, or with or without, judgment of the probate court in final accounting and settlement of the guardianship, is a suit in civil action and does not come within the jurisdiction of the probate court and must be brought in a court of the proper

county having jurisdiction of the amount in controversy, as other civil suits. Such is the correct rule of law. But such rule is not meant to be a restriction upon the powers of the probate court to, in the first instance as here exercised, adjudicate the state of the account of the guardian, regardless of the amount involved, in final accounting of the guardian for settlement and distribution of the estate; and such judgment of the probate court so declaring the state of the account conclusively fixes the amount due by the guardian to the wards. R.S. title 69, chapter 15 (articles 4296–4308); 21 Tex.Jur. 314 et seq., §§ 90, 92, and 128. "The accounting 'for final settlement' by the probate court arises from the trust relation of guardian, and is within * * * the power and control of the probate court. * * * The decree of the court in respect thereto operates as an account stated between ward and guardian." Whitfield v. Burrell, 54 Tex.Civ.App. 567, 118 S. W. 153, 156. "Having jurisdiction of the matter, the judgment of that court fixing the amount due by the guardian was conclusive against both the guardian and the sureties." Bopp v. Hansford, 18 Tex.Civ.App. 340, 45 S.W. 744, 747. It cannot be collaterally attacked. Holman v. Ward (Tex. Civ.App.) 279 S.W. 310, affirmed on writ of error (Tex.Com.App.) 288 S.W. 148. It was not essential to the validity of the judgment that the sureties be cited or named in the decree, Hornung v. Schramm, 22 Tex.Civ.App. 327, 54 S.W. 615, but that they were cited and appeared and contested the application of the wards for the final accounting and distribution, and that the order fixing the amount due the wards is directed against the sureties by name as well as against the guardian does not for such reason destroy its effect as an account stated binding upon all the parties, the guardian, the sureties, and the wards. From Whitfield v. Burrell, supra, we further quote:

"The decree of the court establishing the amount of money the guardian should have on hand, and which was due as against the guardian and his sureties by name and before the court, is not error. Bopp v. Hansford, 18 Tex.Civ.App. 340, 45 S.W. 744. The order and decree of the court against the guardian upon a settlement of the accounts is conclusive against the sureties, without citation. Articles 2770, 2771, Rev. St. 1895; Hornung v. Schramm, 22 Tex.Civ. App. 327, 54 S.W. [615] 616. But in this case the sureties have made themselves parties without citation, and, having defended the account of the guardian, they cannot complain if they were named by the terms of the decree."

Another criticism to which the probate court judgment in this case is subjected is that, after declaring and fixing the amount due by the guardian to the wards in final accounting and settlement of the guardianship, the court further undertakes, in a separate decree contained in the order, to authorize satisfaction of the amount found to be due by issuance of execution against the guardian and sureties. Which additional decree is in language as follows:

"It is further ordered, adjudged and decreed that this judgment shall operate in favor of 'the above said beneficiaries, D. E. Williamson, G. S. Williamson, and Winona Inez Williamson jointly and severally, and recovery shall be had under execution first against E. R. Latham, guardian, and thereafter, such beneficiaries, D. E. Williamson, G. S. Williamson and Winona Inez Williamson shall recover any and all deficits or unpaid portions of such estate as above set out, jointly and severally, against the following bondsmen, J. H. Bowman, Eli Bailey and J. W. Sessions and the clerk shall issue execution against any or all of such bondsmen when and as often as may be necessary to satisfy this judgment up to the full amount of the guardianship bond on file herein and the sums thereunder for which such bondsmen are jointly and severally bound."

 Title 69, chapter 11, particularly articles 4264–4266, inclusive, make provisions authorizing enforcement by the probate court of payment of claims of creditors of the estate which have been allowed and ordered paid by the probate court, by issuance of execution. But these provisions of the statute have reference only to claims of creditors of the estate and may not, as contended by appellees, be considered as authority of the probate court to decree enforcement of its order and judgment in final accounting and settlement of the estate by issuance of execution thereon. Article 4308 authorizes the court to punish the guardian, as for a contempt of court, for his failure to obey the order, but no authority is expressly given the court to decree enforcement by issuance of execution thereon. Hence such decree of the court attempting to authorize enforcement of its judgment, declaring the amount due the wards in final accounting and settle-

ment of the guardianship, by authorizing issuance of execution thereon, was in excess of its power and is of no effect. But such further unauthorized decree in the judgment does not have the effect to destroy or impair the previous valid decree therein which it purportedly sought to enforce. 25 T. J. 695, § 255. The separate decree establishing and fixing the amount due the wards, to that extent, remained a valid subsisting judgment of the court, having the effect of an account-stated, binding on all the parties. Therefore the action of the trial court in peremptorily directing a verdict for defendants cannot be sustained upon the theory that the probate judgment in question is void.

The remedy of the wards to enforce payment of their debt determined to be due them by the probate court judgment is that pursued in this case, by filing suit in civil action, in a court having jurisdiction of the amount, against the guardian and the sureties upon his bond. That part of appellants' petition which appellees contend shows that the suit is based upon the probate court judgment and is not a suit upon the guardian's bond is in language as follows:

"Heretofore, about the year 1919, in cause No. 928, in the Probate Court of Cherokee County, Texas, E. R. Latham executed a bond with J. H. Bowman, J. W. Sessions, Eli Bailey and J. L. Bailey as sureties, which such bond enabled said Latham to qualify as Guardian and obtained plaintiffs' estate, amounting to Two Thousand ($2,000.00) Dollars in money and other effects. Plaintiffs were then orphans and minors. Upon reaching their majority plaintiffs demanded of said Guardian said estate, and instituted in the County Court of Cherokee County, Texas, after refusal of said guardian to make accounting and distribution, an action to compel accounting and distribution. An accounting and partition of estate suit was filed in said original cause No. 928, in 1931, against E. R. Latham, Guardian, with notice of default to sureties on guardianship bond. J. H. Bowman, J. W. Sessions, and Eli Bailey, bondsmen, appeared and contested said action, but E. R. Latham defaulted, J. L. Bailey, bondsman, had died leaving an insolvent estate and was dismissed. Judgment on accounting and distribution order was entered May 28, 1931, against E. R. Latham, Guardian, J. W. Sessions, J. H. Bowman and Eli Bailey, jointly and severally, on behalf of each of the minors in said estate for Six Hundred Sixty-six and 66/100 ($666.66) Dollars, with 10% statutory interest per annum from February 28, 1919, to May 28, 1931, as penalty for the use, detention and failure to account for guardianship funds, in favor of each of said plaintiffs therein, and reference is here had to said record and judgment."

█ Whether it be considered that the language used reveals an intention of the pleader to base his suit upon the bond or upon the probate court judgment, or both, we think that the facts alleged are sufficient to have, upon proper verdict of the jury, sustained a judgment in favor of plaintiffs for the amount sued for. As against an attack after judgment, greater liberality is to be indulged in support of the pleadings, for in such instance the pleader is denied the opportunity to amend. 25 Tex.Jur. 636, § 182.

The judgment of the trial court is reversed and the cause is remanded.