AGUSTIN LONGORIA ET AL V. J. R. ALAMIA ET AL.

No. A-2619. Decided June 21, 1950.
(230 S. W., 2d Series, 1022.)

*Oxford & Ramsour* and *Royce A. Oxford,* of Edinburg, for petitioners.

The Court of Civil Appeals erred in holding that the plaintiffs only had a claim against a deceased person wherein an ad-

ministration was pending, and that the suit was one against an administrator of a deceased person. Moore v. Moore, 89 Texas 29, 33 S. W. 217; Hicks v. Duncan, 99 S. W. 422; Hassell v. Steinmann, 132 S. W. 948.

*J. F. Carl*, of Edinburg, for respondents.

In support of their contention that the suit was one against a deceased person. Brauch v. Henrick, 70 Texas 731, 8 S. W. 539; O'Neil v. O'Neil, 29 S. W. 2d 1060; Zamora v. Gonzales, 128 S. W. 2d 166.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The Court of Civil Appeals affirmed the judgment of the district court, which sustained respondent Alamia's plea to the jurisdiction and dismissed the suit, both courts holding that petitioners' suit is a claim against the estate of Luis Solis, deceased, and that petitioners should first have proceeded in the probate court for the collection of their claim. 227 S. W. 2d 582.

■ The plea to the jurisdiction alleges insufficiency of the petition as showing by its allegations that the district court has no jurisdiction. No evidence was heard. In reviewing the ruling on the question of the district court's jurisdiction, we take as true the allegations of fact in the petition. The substance of the petition is as follows:

The plaintiffs are petitioners Agustin Longoria and Eluvina Garcia, joined by her husband. The defendants are respondents J. R. Alamia, who is temporary administrator of the estate of Luis Solis, deceased, and Richard King. The plaintiffs are more than twenty-one years of age. Prior to January 1931 Luis Solis was duly appointed and qualified as guardian of the plaintiffs' estate. He had as guardian about $2900.00 or $3000.00 in cash on hand belonging to the minors, and turned it over to his friend and adviser, Richard King, for safekeeping. Luis Solis died without having accounted to his wards for "said fund" and Jose Solis was appointed administrator of the estate of Luis Solis. Richard King "for some reason or other paid said money" to Jose Solis. Thereafter Jose Solis died and respondent J. R. Alamia became temporary administrator of the estate of Luis Solis "and said funds are in his hands". The funds are not a part of the estate of Luis Solis, but respondent Alamia is threatening to pay them to the heirs or creditors of Luis Solis. Petitioners pray for injunction to prevent respondent Alamia from

paying out or disposing of the funds and for judgment against both respondents for the amount of the same.

■ It is apparent from the foregoing facts that the funds of the minors which were in the possession of Luis Solis as their guardian did not belong to him. A guardian has no title to his ward's property but has only its custody and management. Collins v. McCarty, 68 Texas 150, 153, 3 S. W. 730; Neblett v. Valentino, 127 Texas 279, 284, 92 S. W. 2d 432. Authority of the guardian to act for his ward comes to an end when the ward becomes twenty-one years of age, whether the court has entered an order to that effect or not. Pure Oil Co. v. Clark, 37 S. W. 2d 1088, 1090. And after a ward becomes of age he can maintain suit for the recovery of what belongs to him. Wichita Land & Cattle Co. v. Ward, 21 S. W. 128, 131.

■ The funds belonging to petitioners were delivered by Luis Solis, their guardian, to respondent Richard King for safekeeping and were by respondent King delivered to Jose Solis, administrator of the estate of Luis Solis. Finally when Jose Solis died and respondent Alamia became temporary administrator of the estate of Luis Solis, the funds came into his possession. None of these transactions or changes made the fund part of the estate of Luis Solis. They have always belonged to petitioners. This being true, petitioners can maintain suit to recover them from respondent Alamia without presenting claim to the probate court that appointed Alamia as temporary administrator. Petitioners do not assert by their petition a claim against the estate of Luis Solis, nor do they assert a claim against respondent Alamia as administrator. They merely seek to recover from Alamia funds in his possession which belong to them and were never part of the estate of Luis Solis. The plea to the jurisdiction should have been overruled.

There is not presented to us for decision any question as to the sufficiency of the petition in district court to state a cause of action against respondent Richard King. He filed merely a general denial, on exceptions.

The judgments of the Court of Civil Appeals and the district court are reversed and the cause is remanded to the district court.

Opinion delivered June 21, 1950.