**Charles ROMICK, Guardian, Appellant,**

v.

**Jane Ellen COX (Haley) et al., Appellees.**

No. 16029.

Court of Civil Appeals of Texas.

Dallas.

July 27, 1962.

On Remittitur Sept. 28, 1962.

Harold W. McCracken, Dallas, for appellant.

Daugherty, Bruner, Kelsoe & Thorp, and Jerry Lastelick, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal by Charles Romick, successor guardian, from a judgment denying him compensation for his services in closing a guardianship following the removal of the ward's disabilities of minority and her subsequent marriage.

William T. Cox had originally been appointed guardian of the estate of his two minor children, William Bond Cox and Jane Ellen Cox. The guardianship as to William Bond Cox had been terminated prior to the present controversy and is not involved in this litigation.

On March 24, 1958 the Probate Court of Dallas County on its own motion pursuant to Vernon's Ann.Tex.St. Probate Code, § 222(b) and (c) removed William T. Cox as guardian and appointed appellant Charles Romick, an attorney-at-law, as successor guardian. The grounds for the removal as stated in the court's order were in substance that the guardian (1) had failed and refused to file an accounting showing fully the condition of the estate; (2) had failed and refused, after numerous requests by the court, to file annual accounts; (3) had ignored duly served notices citing him for contempt and had refused to appear for hearing thereon; and (4) had failed and refused to appear, after being duly served with notice to show cause why he should not be removed as guardian.

The record discloses that on April 25, 1957 the disabilities of minority of Jane Ellen Cox, the ward, then 19 years of age, had been removed by court order. Further, Jane Ellen Cox on June 22, 1957 had married Charles D. Haley. The record also discloses that the estate, of an estimated net value of $128,000, had been delivered to the ward, Jane Ellen Haley, who was in full possession and control thereof. Neither the Probate Judge nor Charles Romick was aware of these facts when nearly a year later the Judge signed the order of March 24, 1958 removing William T. Cox as guardian and appointing appellant Romick as successor guardian.

Following his appointment Romick tried unsuccessfully to obtain from William T. Cox the books and records pertaining to the estate. Cox refused to cooperate. After several lengthy telephone conversations Cox agreed to send and did send W. J. Cannon, his agent and accountant, to confer with appellant. On or about May 14, 1958, either in a telephone conversation with Cox or in a conference with Cannon, appellant learned for the first time that the ward, Jane Ellen Cox had married and that her disabilities of minority had been legally removed nearly a year before appellant's appointment as successor guardian.

Thereafter with such information as he could glean from annual reports of 1953, 1954 and 1955 together with information he could obtain from W. J. Cannon, appellant, prepared a final report in order to close the estate. This report was filed in Probate Court on May 20, 1958 in behalf of Romick as successor guardian and William T. Cox as former guardian.

Appellant also forwarded to the ward, Jane Ellen Haley and her husband, Charles D. Haley, a copy of the final report and the original and copies of an instrument to be signed by them approving the final report and releasing W. T. Cox, and appellant from liability in connection with the handling of the estate.

This instrument, executed and acknowledged by Jane Ellen Haley, the ward, and

her husband is of sufficient importance for material parts to be quoted:

"WHEREAS on or about the 25th day of April, 1957, by a Judgment of the 68th District Court of Dallas County, Texas, my disabilities as a minor were removed, after which date I married CHARLES D. HALEY; and

"WHEREAS WILLIAM T. COX, my father and Guardian of my estate during my minority, has delivered to me, or in trust for me, all of the property of my Estate, and has accounted to me for all of the income of my Estate, and none of the income from my Estate was delivered to Charles Romick, Successor Guardian; and

"WHEREAS CHARLES ROMICK, Successor Guardian, has furnished me and delivered to me a carbon copy of the Final Account filed by him as Successor Guardian, both for himself and for William T. Cox, the removed Guardian.

"NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

"That I, Jane Ellen Cox Haley, joined by my husband, Charles D. Haley, for and in consideration of the premises and the receipt by me from the said William T. Cox, the former Guardian of this Estate, of all of my property in said Estate and all of the income from said Estate.

"(1) Waive all irregularities in the management and handling of my Guardianship;

"(2) Ask the Probate Court to approve in all things the Final Account of Charles Romick, Successor Guardian, filed for and in behalf of himself and for and in behalf of William T. Cox, my former Guardian;

"(3) Release both William T. Cox, my former Guardian, and Charles Romick, the Successor Guardian, and all

the Sureties on their respective bonds, from any and all liabilities arising from or pertaining to their services as my Guardian and Successor Guardian, respectively;

"(4) I hereby consent to the approval by the Probate Court of the aforesaid Final Account, and to the closing of this Guardianship Estate, and I hereby waive personal citation on me.

"WITNESS our hands at Dallas, Texas, this 15th day of May, 1958.

"/s/ JANE ELLEN COX HALEY
    "Jane Ellen Cox Haley

"/s/ CHARLES D. HALEY
    "Charles D. Haley."

After a hearing the final report was approved by the Probate Court on July 27, 1958. In substance this order recited among other things that the conduct of William T. Cox, as guardian, had resulted in a loss of $2,500 and additional sums to the estate and the ward, Jane Ellen Haley; and that a reasonable fee for appellant Romick, "who also acted in good standing at the Dallas County Bar," was $2,500. It was then ordered, adjudged and decreed that a surcharge of $2,500 plus $60 for the premium on the bond of the successor guardian be fixed against William T. Cox, the removed guardian; and that a fee of $2,500 plus $60 and other expenses be charged against the property of the ward, Jane Ellen Haley, and against W. T. Cox and Jane Ellen Haley "individually, jointly and severally", for which a writ of execution should issue in behalf of appellant.

From the above order of the Probate Court Jane Ellen Cox Haley and the removed guardian, William T. Cox, duly perfected an appeal to the District Court of Dallas County.

In a trial in the District Court a jury returned a verdict finding that $6,065 was fair and reasonable compensation for Charles Romick for reasonable and neces-

sary services performed as Successor Guardian.

Thereafter Jane Ellen Haley and William T. Cox filed their motion for judgment non obstante veredicto. On May 2, 1961 the District Court sustained the motion. Accordingly judgment was rendered that Charles Romick, as successor guardian, take nothing. As grounds for said judgment the court in its decree recited that " * * this Court is of the opinion that the Probate Court was without jurisdiction to appoint Charles Romick as Successor Guardian, because of the marriage and removal of disabilities of Jane Ellen Cox and was without jurisdiction to surcharge the Successor Guardian's compensation against W. T. Cox in his individual capacity."

## OPINION

In his first point on appeal appellant Romick asserts that the court erred in holding that the order appointing him successor guardian was void for want of jurisdiction where said order was not appealed from and was final. We do not agree with the legal proposition upon which appellant bases his first point. If an order is void for want of jurisdiction of the court entering it, it does not become a final, valid, enforceable order merely because no appeal from it was taken. A really void order is subject to collateral attack anywhere and any time. 34 Tex.Jur.2nd, 177–180. Of course, a valid order not appealed from does become final and is immune from collateral attack. Dallas Joint Stock Land Bank of Dallas v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046. Later in this opinion we shall hold that the order in question is not void. But appellant's first point as worded and drawn must be overruled.

In his second and third points on appeal appellant Romick contends that the District Court erred in holding that because the ward had already obtained removal of her disabilities of minority and had married, the Probate Court's order appointing Romick as successor guardian was void.

The order removing Cox as guardian and appointing Romick as successor guardian was not void. V.A.T.S. Probate Code, § 222(b), paragraphs (2) and (3) expressly provide that the court on its own motion, may remove a guardian when he fails to return an account required by law, or fails to obey any proper order of court having jurisdiction with respect to the performance of his duties. Legler v. Legler, Tex.Civ.App., 189 S.W.2d 505. The order of removal in this case recited as grounds (1) the failure and refusal of Cox to file an accounting showing fully the condition of the estate, and (2) his failure and refusal to file annual accountings of his guardianship. V.A.T.S. Probate Code, § 222(c) plainly contemplates that a successor guardian may be appointed following removal of a guardian on any of the named grounds.

It is true that V.A.T.S. Probate Code, § 404(b) (1), provides that a guardianship of an estate shall be settled and closed when the minor becomes an adult by removal of disabilities or marriage. But the occurrence of either or both of such events does not automatically and immediately conclude the duties of a guardian. There remain the duties of filing a final account and settling and closing the estate. These duties are important indeed for the sake of the ward to see that the guardian properly accounts for all of the ward's property, and important too for the sake of the guardian and the sureties on his bond, for they cannot be discharged from liability until the final account has been approved.

It has often been held that the Probate Court retains jurisdiction to compel a guardian to file a final account though the ward dies, or becomes of age, or marries. Heyn v. Massachusetts Bonding & Ins. Co., Tex. Civ.App., 110 S.W.2d 261, 265; Massie v. De Shields, Tex.Civ.App., 62 S.W.2d 322, 324; Bolton v. Baldwin, Tex.Civ.App., 57 S.W.2d 957, 962; Whitfield v. Burrell, 54 Tex.Civ.App. 567, 118 S.W. 153, 156. These cases were decided before the present Probate Code was adopted, but they

interpreted statutes substantially like the pertinent sections of the Probate Code. William T. Cox refused to file annual accounts for 1956 and 1957, and he failed and refused to file an account showing the condition and state of the estate. The latter account, in view of the ward's marriage and removal of disabilities, would have been a final account if Cox, the guardian, had done his duty. It was proper to remove Cox as guardian; and if it was proper to remove him it was proper to appoint a successor guardian to complete the guardian's duties of preparing and filing a final account and settling the estate. Romick performed these duties.

The District Judge in an oral opinion brought forward in the statement of facts, and appellees in their brief on appeal cite four cases among others in support of the court's holding that the Probate Court was without jurisdiction to appoint Romick as successor guardian. Longoria v. Alamia, 149 Tex. 234, 230 S.W.2d 1022; Thompson v. Crim, 132 Tex. 586, 126 S.W.2d 18; Easterline v. Bean, 121 Tex. 327, 49 S.W. 2d 427; and Pure Oil Co. v. Clark, Tex.Civ. App., 37 S.W.2d 1088.

We do not disagree with the holdings in the above cited cases, but they do not support the contention of appellees here. In fact two of them may well be cited in support of appellant's position. For example in the Easterline case, our Supreme Court held void the attempt of the Probate Court after the ward's death to approve a guardian's application to sell real estate. However, in so holding the Court in effect also held that when the ward dies the Probate Court loses jurisdiction of the guardianship matter *save and except the guardianship shall be immediately settled and closed and the guardian discharged as provided by law.* We shall not further prolong this opinion by a discussion of each of the cases cited and relied on by the trial court and appellees. Suffice it to say that none of them holds that a guardian, following the removal of a ward's disabilities, or her marriage, is

thereby relieved of his duty to file a final account and to settle and close the estate.

■ Appellees did not appeal from the order appointing Romick as successor guardian. Since said order was not void it became a final order, immune from collateral attack in the absence of an appeal to the District Court. Dallas Joint Stock Land Bank of Dallas v. Forsyth, supra. In fact the former ward Jane Ellen Haley, in executing the release heretofore quoted, recognized Romick as successor guardian, expressly waived all irregularities in the management and handling of her guardianship, released Romick and Cox and their sureties from all liability, approved the successor guardian's final account and asked the Probate Court to approve said account. Appellant Romick in his amended application for compensation and reimbursement pled ratification and estoppel as to the former ward, Jane Ellen Haley. Under the circumstances, neither William T. Cox, former guardian, nor Jane Ellen Haley, former ward, was in position to complain in District Court of the appointment of Charles Romick, as successor guardian.

Appellant's second and third points on appeal are sustained.

In his fourth and fifth points on appeal appellant complains because the court overruled his motion for judgment and sustained appellees' motion for judgment non obstante veredicto. For reasons heretofore stated in this opinion we sustain appellant's fourth and fifth points.

In his sixth point appellant complains that the District Court erred in holding that the Probate Court had no power to assess a surcharge of $2,500 against Cox, the former guardian, for damages caused the estate by his neglect and misconduct.

■ There is no merit to appellant's sixth point. We shall not pass on the question whether the Probate Court had the power to assess the surcharge. The real party in interest, Jane Ellen Haley, the

former ward, now in full possession and control of her estate, expressly waived all irregularities in the management of the estate and expressly released William T. Cox, the removed guardian, and his sureties from all liability. That being so, it would not have been proper to enter a judgment against Cox for damages suffered by the ward's estate caused by his neglect and misconduct. Appellant's sixth point is overruled.

Appellees have presented three cross-points in which they assert that the court erred (1) in not limiting the jury's consideration of Charles Romick's fee to the period of March 24, 1958 to July 27, 1958, and (2) in not submitting an instruction to the jury as requested by appellees prior to the submission of the court's charge; and that (3) the fee found by the jury was excessive and if this court finds that appellant is entitled to compensation a remittitur should be required.

■ The special issue submitted to the jury inquired what amount of money would fairly and reasonably compensate Charles Romick for reasonable and necessary services performed "as the successor guardian of the Estate of Jane Ellen Cox?"

Appellees objected to the issue because it did not limit the guardian to the period of time from March 24, 1958, the date of his appointment, until July 27, 1958, "the date of the filing of his final account." Appellees asked the court to add to the special issue the words "in the probate court from March 24, 1958 to July 27, 1958?"

It would have been well for the court to have added the additional words requested by appellees, but the court's failure to do so was not reversible error. The issue as worded limited the compensation to services performed by appellant "as the successor guardian of the Estate of Jane Ellen Cox." It was made plain by the undisputed testimony that appellant was appointed on March 24, 1958 and that his final report and discharge as successor guardian was approved by the court on July 27, 1958. Romick himself testified as to what he did following his appointment in obtaining information and filing the final account. He further testified that after filing the final account all he did, and the only time he spent on the estate, was to arrange for the hearing which was finally held on July 27, 1958, in which hearing his account was approved and he and the sureties on his bond were discharged. Under the circumstances we cannot say that the court's failure to add the words requested by appellees was calculated to cause and probably did cause an improper verdict to be returned by the jury. Appellees' first cross-point is overruled.

■ We see no merit in appellees' second cross-point. Appellees requested that the court submit an instruction as follows:

"In answering the foregoing issue, you are to consider only the reasonable and necessary expenses incurred by the successor guardian in the preservation, safekeeping and management of the estate, and all reasonable attorney's fees necessarily incurred in connection with the proceedings and management of such estate during the dates above. You may further consider the necessary services performed by Charles Romick, as successor guardian, during the dates above."

It was not necessary to give the requested instruction. The undisputed testimony was that the estate had already been turned over to the ward when appellant was appointed successor guardian. The estate was never entrusted to Romick for "preservation, safekeeping and management." All appellant did was to prepare and file a final account and obtain the release and discharge of himself and William T. Cox, the removed guardian; and all this was done to the satisfaction of appellees. The issue as worded was more limited than it would have been if appellees' requested instruction had been given. The issue did not ask the jury to include any attorney's fees in its

consideration. It limited the compensation to appellant's services as successor guardian. Appellees' second cross-point is overruled.

■ We agree with appellees when they say in their third cross-point that the amount of $6,065 found by the jury as compensation for appellant was excessive. Appellant testified that he spent 200 hours in the performance of his duties. He filed seven instruments in the Probate Court including his final account. He did indeed meet with frustration and a provoking lack of cooperation from William T. Cox and the ward, Jane Ellen Haley and her husband. When he sought to interview the ward and her husband he was informed that they would not confer with him without their father's consent, and their father would not consent. The record discloses that William T. Cox suffered from mental illness. Two witnesses, both practicing attorneys, gave it as their respective opinions that a reasonable fee for the services performed by Romick as successor guardian was $15,000 and between $10,000 and $15,-000.

Nevertheless, we are faced with the fact, as we have hitherto pointed out, that Romick's activities as successor guardian went no further than the preparation and filing of the final account, obtaining the approval of the account and the release and discharge by the ward and the court of himself and the removed guardian. These were important duties performed in the face of very great difficulties, but we are forced to the conclusion that the sum of $6,065 is excessive compensation for the duties performed. We think that a remittitur of $3,500 would be fair. Appellees' third cross-point is sustained to that extent.

The part of the judgment decreeing that appellant as successor guardian should take nothing against William T. Cox individually as a surcharge is affirmed.

The part of the judgment of the court denying appellant any compensation should be reversed and appellant should have judgment rendered in his favor if it were not for the excessive finding of the jury. However we think the jury's finding of $6,065 is excessive by $3,500. Therefore if within ten days from the date hereof appellant files a remittitur of $3,500 we shall reverse the trial court's judgment and render judgment in favor of appellant for $2,565. Should appellant refuse to file such remittitur within ten days we shall reverse that part of the trial court's judgment awarding appellant $6,065, and remand said part of the cause of action for another trial.

The trial court's judgment is affirmed in part; and reversed and rendered in part on condition that appellant file a remittitur of $3,500 within ten days of this date as above stated.

WILLIAMS, J., not sitting.

## ON REMITTITUR

DIXON, Chief Justice.

On July 31, 1962 appellant filed a remittitur in the sum of $3,500. Therefore that part of the judgment decreeing that appellant as successor guardian take nothing against William T. Cox individually as a surcharge is affirmed, that part of the judgment denying appellant any compensation is reversed and judgment is here rendered in favor of appellant for the sum of $2,565.00 principal.

Costs of appeal will be taxed equally, that is, one-half of the costs of appeal against appellant and one-half against appellees.

WILLIAMS, J., not sitting.